# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

**No. 22-3120**
**Docket No. 12800-22L**



**MAUREEN ROBINSON,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE,**

**INFORMAL REPLY BRIEF FOR THE APPELLANT**

**Maureen Robinson**          **(908) 414-7502**

## **TABLE OF CONTENTS**

Page (s)

| | |
|---|---|
| TABLE OF CONTENTS | i |
| PRELIMINARY STATEMENT OF FACTS AND ARGUMENT | 1 |
| CONCLUSION | 26 |
| PROOF OF SERVICE | 28 |

## PRELIMINARY STATEMENT

The sophisticated pomp and circumstance that the legal profession is privy to as a result of having spent a number of years of study of jurisprudence in law school to earn a law degree, and having to study to pass the challenging test for a law license to practice law; and moreover, after having gained years of practice in the genre of jurisprudence, will not be realized herein this reply Brief. I am untrained in law. Notwithstanding, I chose the genre of **"educating students to become lawyers, and/or doctors,** as opposed to jurisprudence. It is a statistical fact that **Teachers** are not respected, revered, or nor do they have the privilege of privy earning enormous salaries in comparison to attorneys. Teachers also do not have the **choice** of charging astronomical fees for their teaching services in Public Schools; therefore, when issues arise that require legal representation, teachers cannot always instantaneously afford the pleasure of retaining an attorney as a result of living on a drastically reduced budget, (in comparison to that of a bonafide lawyer), commonly referred to as a, "fixed income." Therefore, as a retired Public School Teacher, the question becomes, should I succumb to the penalization of **justice denied,** because I chose to educate at risk students in blighted areas of the Country, and/or, because I chose a profession which does not provide the wherewithal, and lucrative financial means to retain the necessary

1

legal representation that's required in order to prevail in a Court of Law when needed; and therefore resign to feeling sorry for myself by having a pity party, thereby survive henceforth by relying on excuses for failure to at least, redeem myself? Or do I ignore the theory that "a person who represents himself or herself in a Court of Law, has a fool for an attorney, or do I take the risk of moving forward in fighting for my rights of access to fairness, equality, and justice in a law-driven Country, that stands on the Standard of Democracy?

During my adventurous exploration in the academic arena of Education and Research, I learned a limited amount about a confusing Document commonly referred to as the Constitution of the United States of America. Although I am untrained within the realm of jurisprudence, I learned that, albeit minimum, I, too, still have a limited holding of rights, in that Document,  that I can, and will continue to exercise and rely on, henceforth.

Appellant's argument in this reply brief, will be written mainly in the first person, with the interchangeable use of nouns and pronouns.

Within this reply Brief, my main effort (s) and concern will be centered around correcting and clarifying what I, (as an untrained lay person in law), perceive (d) and interpreted as misleading information, inconsistencies,

irregularities, and errors, regarding issues raised in the Appellee's Brief for the Commissioner of Internal Revenue Service. (Hereinafter referred to as IRS). These areas of concern and issues raised by IRS will be addressed with **"repetitive fact-check feedback,"** mainly from documentation in exhibition which were generated, extracted from IRS' records, and mailed to me at some point in time.

There will not be any case law citings to buttress this Appeal. As Counsel admitted in its brief, under the heading of, **STATEMENT OF RELATED CASES AND PROCEEDINGS,** and I quote, "Undersigned counsel is not aware of any other proceeding that is in any way related to this case." My research resulted in the same dilemma. Therefore, my reply Brief will rely on the **Standard of Review of facts and Truth based on evidence,** which are submitted in documented exhibition (s), and responded to, based on my limited understanding, interpretation, and comprehension of IRS' policies, practices, and procedural rules of engagement in processing and resolving issues of this nature.

My ultimate hope is that IRS' application of its choice of Standards of Review, in making a Decision in reference to this Appeal, will be fair and just; and moreover, will result in the application of fairness, equality, consistency and justice regarding issues challenged in this reply Brief.

I am not running, hiding, or lying, and trying to evade the issue of tax dept. All I want is justice with an affordable payment plan that has been afforded to others, perhaps, in a similar situational predicament.

Documentation will bear me out regarding my efforts in excess of thirteen (13) years, in my struggle with IRS Agents, OIC, incompetent and negligent accountants, and Optimum via televised media, to attain an affordable payment plan in accordance to, and with IRS Rules of Law, and consistency across the board. Media has challenged the theory that "No one is above the law." The theory has been proven to be false in accountability and responsibility of prominent officials. I cannot afford to take those kinds of risks. I've already lost my home because of IRS. Heretofore, I don't take risks when it comes down to IRS' power and control over U. S. Citizens and the ability to destroy them by any means necessary, for the dollar, in my opinion. I don't intend to become a monetary statistic at the helm of IRS.

The majority of the information that I am presenting herein to buttress this reply brief, has been reviewed previously; therefore, redundancy is prevalent, and perhaps boring to the reader. Certain issues that I have raised have been skirted over, overlooked, and or not addressed at all; therefore, repetition in response to

certain irregularities, and in reference to errors and deficiencies became imperative regarding repetition.

## ARGUMENT

**Issue: Jurisdiction:**

In Appellee's Brief, under the heading of, **STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION,** I would like to clarify the issue of **Jurisdiction** from a lay person's perspective, understanding,  and point of view, based on the documented information that I received from the IRS Tax Court.

I received from the United States Tax Court, a form that states, REQUEST FOR PLACE OF TRIAL. The form has all of the States listed wherein a person can place a "check in the box" of his or her own choosing to, "request a place for trial." I checked the box for New York because it's closest to me in proximity. There was no box designated to choose from that represented New Jersey, the state wherein I live; therefore, I reiterate that I followed the instructions to choose the place **closest** to my residency, which is New York. I couldn't find the word **venue** noted anywhere on the list. (Refer to Exhibit A, T. C. Form 5).

Unbeknownst to me at that time, the request for place for trial was in reference to the location of Circuit Courts which are only designated in certain

areas throughout the Country. I have since studied and learned about the
distribution of Circuit Courts of Appeals and their location (s) in this Country.

Being none the wiser, I am of the opinion that counsel for Appellee used my
lack of knowledge in jurisprudence as an advantage and opportunity to dismiss my
case for lack of jurisdiction. I can safely assume and believe that he knew that I am
not a lawyer, nor am I savvy and/or trained in law; so, he used my deficiency in
jurisprudence to file a motion for dismissal of my Appeal for Lack of Jurisdiction,
and prevailed. Being candid, I documented my deficiency in law early on the
appellate process.

## STATEMENT OF THE CASE

### Issue: Loss of Home

The opening statement, on page two (2) of Appellee's Brief, under the
above caption, the case law that is cited in the opening statement, on page two
(2), of Appellee's Brief, appears to be directed to the egregious predicament that I
was placed in regarding IRS' role is causing me to lose my home. Use of the word
"if" does not mitigate the inference of guilt, which appears to be directed to me,
in to loss of my home; again, I reiterate that I took responsibility on numerous
occasions in attempting to rectify my tax dept in excess of thirteen (13) years. I did

not "neglect or refuse to pay." Moreover, if someone is deliberately guilty of the cited case in Appellee's Brief, according to U. S. Constitutional Law, that still does not give IRS the right to violate that person's **right** to **due process,** which was the issue in my case. IRS arbitrarily and capriciously place a lien on my home so that I could not sell it in a timely manner. Access to IRS' Independent Office of Appeals optional alternative notification in reference to the loss of my home was not an option offered in my case wherein IRS was instrumently in causing the loss of my home. IRS offered no options for resolution to salvage my home in a timely manner. There was no due process regarding the loss of my home.

Again, there is controversy in IRS' Rule of Law, on page three (3), paragraph two (2), of Appellee's Brief, that is contradictory. I am going to extract excerpts from IRS case citings from stated paragraph, that contradicts the manner in which I have been treated in reference to my case. I was misled.

**Special Notation: At this juncture, it is imperative to note that I will be referring to, and relying mainly on, documents that I received from IRS records in Exhibitions, in this Informal Brief. I have enclosed another copy to this Reply Brief for your reference and convenience. The IRS Appellee's Brief is on the record; therefore, I have not attached a copy to this Reply Brief.**

Appellee's Brief: Page three (3), Paragraph two (2): A taxpayer who timely requests a hearing may raise "any relevant issue relating to the unpaid tax or the proposed levy," including "challenges to the appropriateness of collection actions" and offers of collection alternatives. In additions, "if the [taxpayer] did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability," the taxpayer may also challenge "the existence of amount of the underlying tax liability."

I take seriously, any information that I receive from IRS.

**Issue: Statutory Notification and Threat of Levy for Taxes**

On August 16, 2021, I received a threatening statutory notification from IRS, that stated, "IRS may seize (levy) your property. However, you can appeal the proposed seizure (levy) of your assets by requesting a Collection Due Process (CDP) hearing by **September 15, 2021)."** (Remember the significance of that date for future reference). (Exhibit B (1), page 1 of 2, and B (2), page 2 0f 2). **The statutory levy is specifically designated ONLY FOR THE YEARS 2018 AND 2020, NOT FOR ALL OF THE YEARS THAT WERE SURREPTITIOULY LISTED IN THE INSTALLMENT AGREEMENT. (Exhibit I, page 1 of 2, page 2of 2).**

8

**If** the Rule of Law holds true on page three (3) of Appellee's Brief, that I have restated, **then,** why were all of the years that IRS alleged that I owe for taxes, surrepititiously attached, with the statutory years of 2018 and 2019, listed at the end of the list of years not listed for the statutory CDP years that qualified me for the CDP hearing? I'm confused. Proof that the years 2018 and 2020 which were specified for admittance and qualification for the CDP Hearing, are also listed in statutory document from the CDP Hearing labeled ATTACHMENT. (Refer to Exhibit C).

**Issue: Controversy Regarding Tax Years Owed and Waiver of Rights:**

There is also a statutory **instructional** letter from Mr. Thomas D. Taylor, one of IRS' Agents. (Exhibit F, page 4 of 4). Paragraph four (4) of Exhibit F, states, "You must have received a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing for tax years 2004, 2008, 2011, 1012, 2013, 2014, to be eligible for a Collection Due Process Hearing under IRC 6320. We will consider your request for a Collection Due Process hearing if you receive Letter 3172, in the future and submit a new CDP request." I haven't ever received a Letter 3172 in the future or at any other point in time. Moreover, there is a discrepancy in the years noted in the statutory instructional letter from Mr. Thomas D. Taylor, Exhibit F, page 4 of 4),

9

and the years listed in the Installment Agreement. (Exhibit I, page 1 of 2, & page 2 of 2).  Therefore, I could not have filed a CDP for those years. The controversy is misleading and confusing and contradictory.

However, in my efforts and attempts to gain admittance into the IRS Fresh Start Program and/or plan over the years, I have challenged IRS' ten-year non-collection statue or rule, or practice, or policy in an effort to participate in the Fresh Start payment plan; which, by the way, was in my record when I went to Edison, New Jersey, on September 7, 2021, and spoke to IRS Agent Rose. (Refer to Exhibit N, pages 1 of 4).

On page 4 of Appellee's Brief, the issue of "no statutory notice of determination" was raised" for the tax years 2018 and 2020 in reference to my petition to the U. S. Tax Court; which states, "Instead, taxpayer attached to the petition two copies of an un unsigned IRS Form 12257 that the IRS Appeals Office had prepared on the basis of the April 6, 2022, telephone hearing." The form states that "This Form 12257 is not effective until signed by the Appeals Team Manager," and it is unsigned.

I have already explained the reason for not taking risks regarding deficiency regarding timeliness with IRS. When I applied to the U.S Tax Court, the only form

that I had for qualification in that Court, at that time, was the form 12257 which was not signed by Team Manager John B. Brewer. The reason that I did not sign the form was because of the years surreptitiously listed on the form, years which were not listed for the levy, and because the Form 12257 included a **waiver of my rights to a Judicial Review of the Collection Due process Determination, Waiver of Levy Prohibition: and moreover, a waiver of my right to pursue the case further in Tax Court.**

As an eighty-one (81) year old natural born African American in this Country, **I will never waiver my rights stipulated in any of the above stated options.** (Refer to the language **in Exhibit I, Letter from Appeals Officer Patricia Williams, inclusive of Form 433-D, pages 1 and 2, the Installment Agreement: and, Exhibit J, pages 1 & 2, Summary Notice of Determination and Waiver of Judicial Review).**

**Issue: The Notice of Determination Controversy**

On page 5 of Appellee's Brief, counsel for the Commissioner stated that he had "diligently searched his records and contacted IRS personnel in an attempt to determine whether a notice of determination was issued for Petitioner's taxable years 2018 and 2020." He confirmed that "no statutory notice of determination,

as authorized and required by I. R. C. 6330 to form the basis of a petition to this Court, was sent to petitioner with respect to the taxable years 2018 and 2020, *prior* to the filing of her petition." Ultimately, "He, the Commissioner), had discovered a notice of determination issued on June 14, 2022." Everyone makes mistakes, even the Commissioner. I wasn't going to risk dismissal of my case in Tax Court for a "pending" document, which in my opinion, did not arrive at my home in a timely manner, especially based on my negative experiences with IRS down through the years. I only had a time constraint within which to file, and gather all of the necessary paperwork to qualify for a CDP Hearing between August 16, 2021 and September 15, 2021, according to the statutory document CP90.

The CDP Hearing was held via telephone on April 6, 2022. The Notice of Determination was dated June 14, 2022. Counsel's Motion to Dismiss for Lack of Jurisdiction was filed on August 9, 2022. Counsel for the Commissioner attached the **notice of determination,** to his **motion to dismiss for lack of jurisdiction.** My Notice of Appeal is dated, October 31, 2022.

**Issue: Counsel's Allegation: Unable to Reach Appellant**

**I am also challenging the error in Appellee's attorney, Jonathan Bartolomei's SUPPLEMENTAL APPENDIX, SA28, page 3, at number 5, wherein he**

**alleges that on August 8, 2022, respondent's counsel attempted to call petitioner at the phone number listed on the petition; petitioner was unable to be reach and respondent's counsel was unable to leave a voicemail, thus respondent is unaware whether there are any objections to the granting of this motion.** This statement is really a sad commentary by counsel, and, a blatant misrepresentation of the truth, and, a travesty and miscarriage of justice regarding the denying my appeal for dismissal for lack of jurisdiction.

I have spoken to Mr. Bartolomei on more than one occasion. The last time I spoke to him, the conversation was about the possibility and potential for participating in a payment plan. My cell phone is always on, and **if, perchance,** he dialed my number and the call went to voice mail, he could have left a message. I have a spiritual message on my voice mail. I am taken aback as to why he alleged that he could not contact me or leave a message on my voice mail.

Given the history of this Country regarding African Americans, nothing much has changed. We don't even have a right to vote. So, I was denied a motion because he alleges that he couldn't reach me? He dialed the wrong number. I sleep with my telephone because I have a heart history and my family constantly contact me to make sure I am okay. This case is indicative of the mind-set of

certain white men. Given the current climate and culture of this County, I am of the opinion that at eighty-one years of age, white men still have the notion that just because we are black, and long-term former slaves in this Country, we are still being painted with the broad brush of stupidity, and are still three-fifths of a Homo sapien, with a smaller brain than white men, which has been statistically disproved. If Mr. Bartolomei was really serious about contacting me, in the interest of justice, he would have attempted to reach me more than once. I had to take a second look at his statement.

So, now I am penalized because I filed a petition too soon, and/or because the document, the notice of determination, arrived too soon or not soon enough? I reiterate that I am aware of the theoretical phrase that, "It's a fool who represents himself/herself in Court." If I could have afforded legal representation, I would have. So, I had a choice to make because this is not easy. Living from pay check to pay check is not easy. Living on a fixed income is not easy. It takes discipline. I could have given up my rights and had a pity-party. I refused to reduce myself to that level. Heretofore, I shall contend in the struggle for a fair, and just outcome, not to prevail in winning, but for an opportunity to ascertain access to an affordable plan to pay my legally owed taxes.

I may have addressed the following issues early on in some of my evidentiary documents. All of the following documents bear evidentiary merit that was extracted from IRS Files and mailed to me.

After receiving the statutory notification from IRS regarding a levy and IRS' ability to seize my property, and garnish my hard-earned, "already paid income tax on my Social Security-again", on August 16, 2021, I decided to apply for a CDP Hearing via Internal Revenue Service's Independent Office of Appeals. That was another travesty of justice.

**Issue:** Federal documents bearing statements such as: "Appeals is a **separate** function and **independent** of the IRS office that proposed the adjustment of collection action. Appeals **will not engage in communication with employees of other IRS functions** (commonly referred to as ex parte communication to the extent such communication appears to compromise our **independence."** (Exhibit E, pages 1 and 2). That's a powerful commitment to a lay person who is untrained in law, in consideration of my tax status with IRS; and moreover, in consideration of my relentless desperation in researching and exploring avenues upon which to find a feasible and affordable means of resolving my tax dept issues. Moreover, the **promise,** (which was contradictory, broken, and

breached in my case), in the language in the CDP documentation was misleading and gave me a **false sense of hope in resolving my tax dept issues.** I misinterpreted and misunderstood the promise in the commitment of "independent of IRS" to mean that participating in the Independent Office of Appeals Plan would provide a "new beginning and a new lease on life" in reference to my tax dept status with IRS. Ultimately, based on my experience, participation in CDP resulted in being a piped dream with **justice being denied.**

The preceding paragraph to that commitment was even more intriguing and enticing to me as a former educator by stating, "Our vision is to promote an **independent and innovative** (new, de novo, from the beginning, my insert), environment that drives quality and timely resolution of tax disputes by empowering a highly skilled, motivated and cohesive workforce." That was not my experience with the "workforce."

As an untrained lay person in legal matters, I researched the word **ex parte; and, I learned that in civil procedure ex parte is used to refer to motions for orders that can be granted without waiting for a response from the "other side."** To me, that sealed the deal because the phrase the, "other side" was interpreted

to mean, indicative of IRS. The Independent Office of Appeal would provide a "clean slate" for the possibility of potentially of turning a lemon into lemon aide.

Nothing was further from the truth in my experience with the Collection Due Process, or Equivalent Hearing.

**Issue: The Promise: Verified via Independent Office Appeals Officer, Patricia Williams, who was supposed to be "on my side," not "the other side":** Exhibit F, page 1, paragraph 5.

The following statement in this Federal document bears the signature of an Appeals Officer, who was assigned to my case. I quote, "This will be your opportunity to discuss the reasons you disagree with the collection action or to discuss **alternatives** (did not happen, my insert), to the collection action. Our office is **separate from, and independent of,** the IRS office taking the collection action. We review and **resolve** disputes in a **fair and impartial manner** by weighing the **facts** according to the **law and to judicial decisions.**" I was not made privy to that promissory action on the part of the Independent Office of Appeals. Contrary to Agent Williams' statement is the fact-checked outcome that is found in the first paragraph of Exhibit G, which states, and I quote, "You requested the Independent Office of Appeals (Appeals) consider **new information** or a **new issue**

and we've asked **Collection** (the other side), for **its review and comment."**

Remember and consider that this adventure was supposed to be **"separate from**

**and independent of the IRS office taking the collection action." (**Exhibit F,

paragraph 5). I'm totally confused. Instead of being separate from and

independent of IRS Collection, the Agent went to IRS Collections from the outset

of the proceeding. Moreover, from my lay person's point of view and perspective,

my Appeals Officer's action resulted in a betrayal of my trust and expectations,

and a breach of the commitment and promise of being separate from, and

independent of, IRS Collection's Action. Furthermore, the Appeal only included

the tax levying years of 2018 and 2020 for the Appeal; however, Appeals Officer

Patricia Williams surreptitiously listed additional years which IRS Collections action

considered eligible for consideration, as "tax dept," and which she obtained from

IRS; **but,** they were year which were not inclusive of the tax levying qualification

of years, (2018-2020), for participation within the Independent Office for Appeals.

(Exhibit I, Installment Agreement, page 1).

Then came the ultimate betrayal. Appeals Officer, Patricia Williams sent me

additional information in a correspondence that reinforced the Summary Notice

of Determination, Waiver of Rights to Judicial Review of a Collection Due Process

Determination, and Waiver of Levy Prohibition. That took away all of my rights as

a Human Being, and from my perspective as a natural born African American in these United States of America, reduced and reverted me back to the status of being three-fifths of a Human Being with nothing. That Hurts. Moreover, because I refused to sign this astronomical and unaffordable amount of monthly monetary payments; (Exhibit K), and, sign away my Constitutional Rights as a Citizen of the United States of America, (Exhibit I, page 2), in the Notice of Determination with was signed by another member of the "highly skilled, motivated and cohesive workforce," the "workforce manager, no less, Mr. John P. Brewer, (Appeals Officer Patricia Williams' Supervisor),  with all of their knowledge, and wisdom, and access to information and laws regarding how to resolve any taxpayer's problem, could not, would not, and did not arrive at an amicable and conclusive agreement and decision, as a "workforce team,"  to resolve a taxpayer's problem **without stripping her of her Constitutional Rights as a Citizen of these United States of America.** Moreover, because I refused to sign away my **rights,** this qualified workforce team, headed by Mr. John P. Brewer, in his statement, and I quote, "It is Appeals determination to sustain the proposed levy action," upheld IRS' collection action in totality. (Exhibit D, page 2).

**Issue: Economic Impact Payments:**

Economic Impact Payments were not to be use as income for bills, including income tax bills. Specifications for Stimulus Monies were well defined. (Refer to Exhibit R).  I received one check. I was supposed to have received a total of three (3) Stimulus checks. The last two checks of my Stimulus payments were considered as income by IRS, and confiscated and applied to tax dept, (Refer to Exhibit S (1), which was a violation of the rule of law regarding the purpose and goal of Stimulus money.

I wrote to IRS inquiring about my second and third Stimulus check. I received a reply from IRS explaining that IRS had in fact, confiscated the remaining balance of my Stimulus monies. (Refer to Exhibit S (2). I reiterate that IRS violated its own rule of law regarding the distribution of Stimulus money and the designated purpose of what it was to be used for, and what it was **not** to be used for. I was denied of the option and opportunity to exercise my right under the Federal rule of law regarding Stimulus monies.

**Issue: IRS' Violation Regarding the Application of Taxes Paid According to OIC Agreement (s):**

The few payment vouchers which are included in this **Appeal,** does not reflect all of the payments made to reduced my tax dept. Notwithstanding, I have kept them in my file for proof.

I received correspondence from IRS Federal Records stating, and I quote, "We'll apply all installment agreement payments to the oldest tax assessments **first**, then penalties, then interest on those assessments." (Refer to Exhibit Q). That promissory commitment did not occur regarding the application of installment payment agreement (s) to my tax dept. (Refer to Account Transcript Audit, Exhibit M, pages 1-4). If IRS had been held responsible to the promise of applying my tax dept in chronological order to the years listed as taxes owed, I would not owe as far back as 2004.

**Issue: Fresh Start:**

There is an IRS Fresh Start Program/Plan. However, there is also a threshold requirement that a taxpayer has to reach in order to qualify for that event. I am of the opinion that if IRS had applied all of the monies that I have paid into my tax dept, I would qualify for participation in the Fresh Start Plan. I have relentlessly attempted to qualify in Fresh Start. In regards to **alternatives** for rectifying and resolving my tax dept, that option wasn't even discussed from a negotiated

perspective for resolving my tax dept, during my encounter with the Independent Office of Appeals. Instead, the "cohesive workforce" explored and dealt with reasons to deny my appeal. (Refer Exhibit D, page 2, and Exhibit J, page 2).

**Issue: Controversy in Years Owed Revisited:**

The years owed for tax dept in the correspondence from Mr. Thomas D. Taylor, (IRS), dated March 10, 2022, (Exhibit O, pages 1-2): and from Tax Advocate Cleophat's (IRS), correspondence, (Exhibit P, pages 1-2): and the years listed in Exhibit V, from IRS Files, all are in controversy with the years listed as owing in the Installment Agreement, (Exhibit I, page 1), and  the Summary Notice of Determination and Waiver of Judicial Review. (Exhibit J, pages 1-2). I object to the controversy in years owing; however, a motion to object, would prolong the legal protocol and ramifications in jurisprudence; while  I refuse to acquiesce or give up this overwhelming struggle, I would like for it to be over; however, I refuse to relinquish my rights. The price has been too high.

I am not running and hiding and lying. I owe tax money. I am fighting for fairness, equity, justice, and consistency in the delineation of the rule of law in the collection of owed taxes.

There exists in IRS' rule of law, the option of a ten-year drop of taxes which were not collected within that time span, and that delinquency on the part of IRS is to be classified as non-collectible. The non-collectible classification of taxes owed was in my IRS record; however, I was not made privy to the option. If I had been offered access to that IRS policy to resolve my taxes, or, if the monies that I had paid into my IRS Account to reduce my tax dept, had been applied chronologically as promised by IRS, I would have been eligible for the Fresh Start Plan; and moreover, I am confident that I would have been able to set up a payment plan to end my tax dept, and/or at least, keep my taxes current. No one gave me that chance.

When I met with IRS Agent Rose on September 7, 2021, at the IRS Facility, in Edison, New Jersey, he summoned his co-worker and pointed out that my tax account had been placed in "non-collectible" status; moreover, both IRS Agents verified to me, in person, that my account had been placed in a "non-collectible" status, and recommended that I should call IRS about any questions that I had regarding the "reason" my account had being placed in that status, and no IRS Agent had acted on it.  Truth be told, on one of the two occasions that I conversed with Independent Appeals Team Manager, Mr. John P. Brewer, he stated that he "started to place my account in non-collectible status." I have no inkling of

grandeur about him telling the truth, if questioned to recall that conversation, given the outcome of his Decision in reference to my appeal. When conversing with him over the telephone, in Appeals Officer Patricia Williams" sick leave absence, Mr. Brewer was very friendly and cordial, as was Ms. Williams, during her the telephonic conversation. However, when I refused to sign away my rights on the Installment Agreement, that was based on information that they had retrieved from IRS Collection, in contradiction to the promise of being independent and separate from IRS,  their overall demeanor changed to adversity in documentation. There was no more conversations or explanations about anything: Just the Decision to uphold Collection's Action.

**Notation: Several issues which I have raised on appeal are far-reaching into the past. Congressional Laws have afforded IRS the power and authority to confiscate any Citizen's property (of these United States): and there appears to be no law that governs, and/or restricts the time line for IRS' Collection action and ability to collect taxes, confiscate a Citizen's property, or garnish a Citizen's wages or earnings, et cetera.  There seems to be no statute of limitation to preclude IRS from confiscating a Citizen's belongings for taxes. Therefore, I have continuously included in my appeal (s), and complaints, certain actions on the part of IRS Collections, to be actions which I feel were, and continue to be**

**harmful, hurtful, and egregious as far back as I can remember. The following was the most egregious because IRS' collection action ultimately reduced me to homelessness.**

**Issue: IRS' Placement of Lien on Home:**

Because IRS placed a Federal Lien on a house that I owned at 428 Doyle Street, in Elizabeth, New Jersey, I was not able to sell this property. My intention was to "flip" said property, and use aa portion of the earning to pay down my tax dept. (Exhibit Y, Federal Tax Lien).

**Issue: IRS Filing of My Income Tax for the Year 2010:**

IRS filed my Income Tax for the Year 2010. No deductions were applied, which left me owing an astronomical amount of money to IRS. Also, noteworthy of mentioning is that I was participating in OIC. According to an IRS Agent that I had spoken to regarding IRS filing my taxes without my knowledge at that time, if my tax accountant had filed my taxes in a timely manner, I would have been only two (2) months from reaching the threshold that would have qualified me for entry into the Fresh Start Program. Since he did not file my taxes in a timely manner, unbeknownst to me at that time, IRS took the liberty of filing my taxes, and that action on the part of IRS resulted in me owing an enormous of taxes for the year

2010. I removed that accountant. (Refer to Exhibit M, Account Transcript, pages 1-4, dated 2018). The IRS statement in a previous IRS Tax Account Audit, listed that I prepared my own Income Taxes for the years 2006 and 2007. Nothing could be further from the truth. Just as I know nothing about jurisprudence and law, I know even less about filing 1040 Income Tax Forms. That's why I pay accountants to perform that arduous and complex task. The point is, this is how I have been treated and mistreated by IRS down through the years in attempting to resolve my tax issues.

## Issue: Garnishment of Wages Without Due Process:

In a notice dated January 1, 2019, I learned that IRS had garnished my wages. (Refer to Exhibit X), without a due process hearing. This is not the only notice that I have received in the past wherein this collection action has occurred on the part of IRS.

## Issue: The Conclusion:

In conclusion, I would like to reiterate that this Informal and Creative Reply Brief on **Appeal** is **My Story**. I bear sole responsibility and accountability regarding **deficiencies in protocol** that lies within its marginal contents; therefore, while this Creative Informal Reply Brief does not reflect the fancy legal case citings that's

commonly relied on within the realm of legality to buttress cases, nor does it contain the Standard (s) of Review that governs and determines the outcome of a decision regarding whether a Litigant prevails under a specific Standard of Review; or no Standard of Review. This Reply Brief probably does not have the correct and proper appearance of a brief; moreover, it is written interchangeable, with first person nouns and pronouns; notwithstanding, this response brief is one that is bound by, and in a Standard of Review of **facts and truth,** that can be **fact-checked, based on information presented in Exhibitions, mainly from the adversary's (IRS) files (s) in its records.**

Like Goldilocks, this is **My Story** in Brief in regards and references about how I've been treated, or shall I say, mistreated by IRS, in my attempts to arrive at an affordable and amicable agreement to resole my tax dept over the years.

# PROOF OF SERVICE

I certify that on ___3/24/2023___, I mailed a copy of this

brief and all attachments via first class mail, and via return certified mail

to the following party at the address listed below:

Office of the Clerk
UNITED STATES COURT OF APPEALS
21400 U. S. Courthouse
601 Market Street
Philadelphia, PA 19106


Signed: _Maureen Robinson_
    Maureen Robinson
    200 Mount Pleasant Avenue
    Apartment J7
    West Orange, NJ 07052
    Phone # (908) 414-7502

## TABLE OF APPENDIX

Notation:(Appendix pages are numbers in parenthesis at the top of each page).

| Appendix Document | Appendix Page # |
|---|---|
| Exhibit A: Request for Place of Trial | 1 |
| Exhibit B: Petition | 2 |
| Exhibit B: IRS Levy Threat: Dated: August 16, 2021 | 3 |
| Exhibit C: CDP Summary and Recommendation | 5 |
| Exhibit D: CDP Notice of Determination | 6 |
| Exhibit E: IRS Independent Office of Appeals Welcome Mission | 8 |
| Exhibit F: Appellant's Request for CDP Hearing | 10 |
| Exhibit G: Appeals Officer Patricia Williams contact with IRS Collections | 15 |
| Exhibit H: OIC Payments | 16 |
| Exhibit I: Installment Agreement, with attachment, that Appellant refused to sign | 19 |
| Exhibit J: CDP Summary Notice of Determination | 22 |

1

Exhibit K: Collection's review of Appellant's financial documentation

    an action that was alleged to be independent of, and separate

    IRS Collection.     24

Exhibit L: Appellant's Docket Record     25

Exhibit M: Appellant's Account Transcript     27

Exhibit N: Appellant's Request for CDP Hearing     31

Exhibit O: IRS Agent Thomas D. Taylor's letter of instruction and

    discrepancy in Appellant's years owed taxes     35

Exhibit P: Correspondence from IRS Tax Advocate who did not assist

    Appellant in resolving tax issues. Letter also contains a

    contradiction in years that Appellant owes taxes     37

Exhibit Q: Correspondence from IRS promising to apply tax monies

    to Appellant's account in chronological. That did not

    happen.     39

Exhibit R: Stimulus Money paid, and how it was to be used. IRS

confiscated the rest of Appellant's Stimulus monies.    40

Exhibit S: Proof that IRS confiscated Appellant's Stimulus Monies    41

Exhibit T: A comprehensive copy of Appellant's Petition    43

Exhibit U: Appellant's contact letter requesting information about the    47

remainder of her Stimulus monies.

Exhibit V: Proof of the contradiction of years that Appellant owes taxes

for comparison to the variation of years listed as owing,    49

Exhibit X: Proof that IRS garnished my wages during my tenure as a

Teacher without due process.    50

Exhibit Y: Proof of the lien that IRS placed on my home that was

Instrumental in causing me to lose my home.    51

*(1)*

## UNITED STATES TAX COURT
www.ustaxcourt.gov

Maureen Robinson
_____
Petitioner(s)

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent

Docket No. *12,700-22L*

}

### REQUEST FOR PLACE OF TRIAL

**PLACE AN "X" IN ONLY ONE BOX TO REQUEST THE PLACE OF TRIAL. IF PETITIONER(S) ELECTED TO HAVE THE CASE CONDUCTED AS A SMALL TAX CASE, REQUEST ANY CITY LISTED BELOW; OTHERWISE, REQUEST ANY CITY NOT MARKED WITH AN ASTERISK (*).**

**ALABAMA**
☐ Birmingham
☐ Mobile
**ALASKA**
☐ Anchorage
**ARIZONA**
☐ Phoenix
**ARKANSAS**
☐ Little Rock
**CALIFORNIA**
☐ Fresno*
☐ Los Angeles
☐ San Diego
☐ San Francisco
**COLORADO**
☐ Denver
**CONNECTICUT**
☐ Hartford
**DISTRICT OF COLUMBIA**
☐ Washington
**FLORIDA**
☐ Jacksonville
☐ Miami
☐ Tallahassee*
☐ Tampa
**GEORGIA**
☐ Atlanta
**HAWAII**
☐ Honolulu
**IDAHO**
☐ Boise
☐ Pocatello*
**ILLINOIS**
☐ Chicago
☐ Peoria*
**INDIANA**
☐ Indianapolis
**IOWA**
☐ Des Moines

**KANSAS**
☐ Wichita*
**KENTUCKY**
☐ Louisville
**LOUISIANA**
☐ New Orleans
☐ Shreveport*
**MAINE**
☐ Portland*
**MARYLAND**
☐ Baltimore
**MASSACHUSETTS**
☐ Boston
**MICHIGAN**
☐ Detroit
**MINNESOTA**
☐ St. Paul
**MISSISSIPPI**
☐ Jackson
**MISSOURI**
☐ Kansas City
☐ St. Louis
**MONTANA**
☐ Billings*
☐ Helena
**NEBRASKA**
☐ Omaha
**NEVADA**
☐ Las Vegas
☐ Reno
**NEW MEXICO**
☐ Albuquerque
**NEW YORK**
☐ Albany*
☐ Buffalo
☒ New York City
☐ Syracuse*
**NORTH CAROLINA**
☐ Winston-Salem
**NORTH DAKOTA**
☐ Bismarck*

**OHIO**
☐ Cincinnati
☐ Cleveland
☐ Columbus
**OKLAHOMA**
☐ Oklahoma City
**OREGON**
☐ Portland
**PENNSYLVANIA**
☐ Philadelphia
☐ Pittsburgh
**SOUTH CAROLINA**
☐ Columbia
**SOUTH DAKOTA**
☐ Aberdeen*
**TENNESSEE**
☐ Knoxville
☐ Memphis
☐ Nashville
**TEXAS**
☐ Dallas
☐ El Paso
☐ Houston
☐ Lubbock
☐ San Antonio
**UTAH**
☐ Salt Lake City
**VERMONT**
☐ Burlington*
**VIRGINIA**
☐ Richmond
☐ Roanoke*
**WASHINGTON**
☐ Seattle
☐ Spokane
**WEST VIRGINIA**
☐ Charleston
**WISCONSIN**
☐ Milwaukee
**WYOMING**
☐ Cheyenne*

_Maureen Robinson_
Signature of Petitioner(s) or Counsel

_5/20/2022_
Date

*Exhibit A*

*Docket No. 12,700-22L*

T.C. FORM 5 (REV. 09/10)

(2)

# UNITED STATES TAX COURT
www.ustaxcourt.gov

(FIRST)    (MIDDLE)    (LAST)
Maureen                Robinson

(PLEASE TYPE OR PRINT)          Petitioner(s)

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent

Docket No. 12800-22L

## PETITION

1. Please check the appropriate box(es) to show which IRS ACTION(S) you dispute:

☐ Notice of Deficiency

☑ Notice of Determination Concerning Collection Action

☐ Notice of Final Determination for [Full/Partial] Disallowance of Interest Abatement Claim (or Failure of IRS to Make Final Determination Within 180 Days After Claim for Abatement)*

☐ Notice of Determination of Worker Classification*

☐ Notice of Determination Concerning Relief From Joint and Several Liability Under Section 6015 (or Failure of IRS to Make Determination Within 6 Months After Election or Request for Relief)*

☐ Notice of Certification of Your Seriously Delinquent Federal Tax Debt to the Department of State

☐ Notice of Determination Under Section 7623 Concerning Whistleblower Action*

*For additional information, please see "Taxpayer Information: Starting a Case" at www.ustaxcourt.gov (accessible by hyperlink from asterisks above, or in the Court's information booklet).

2. If applicable, provide the date(s) the IRS issued the NOTICE(S) checked above and the city and State of the IRS office(s) issuing the NOTICE(S): May 3, 3022: CDP Appeal Hearing Decision

3. Provide the year(s) or period(s) for which the NOTICE(S) was/were issued: 2018, 2020

4. SELECT ONE OF THE FOLLOWING (unless your case is a whistleblower or a certification action):

If you want your case conducted under small tax case procedures, check here: ☐  **(CHECK**
If you want your case conducted under regular tax case procedures, check here: ☑  **ONE BOX)**

NOTE: A decision in a "small tax case" cannot be appealed to a Court of Appeals by the taxpayer or the IRS. If you do not check either box, the Court will file your case as a regular tax case.

5. Explain why you disagree with the IRS determination in this case (please list each point separately):

I disagree with the IRS's determination that a levy be imposed on my income for the following reasons:

1) Because such a levy would constitute a financial hardship for me.

2. Because there were errors in the May 3, 2022 investigative appeal Decision.

3) Because I have proposed alternative methods of paying my federal tax liability.

4) Because the tax years 2010 and 2012 were done by IRS.          *Exhibit B*

5) Because IRS errored in reporting taxpayer accountability for the tax year 2010.



Department of the Treasury
Internal Revenue Service
PO BOX 219236, STOP P-4 5050
KANSAS CITY MO 64121-9236

| Notice | CP90 |
|---|---|
| Notice date | August 16, 2021 |
| Social Security number | XXX-XX-2498 |
| To contact us | 800-829-7650 |
| Your Caller ID | 302687 |
| Page 1 of 6 | |



015090

MAUREEN ROBINSON
200 MT PLEASANT AVE APT J7
WEST ORANGE NJ 07052-4039

## Notice of intent to seize your assets and of your right to a hearing

# Amount due immediately: $8,824.83

We haven't received full payment despite sending you several notices about your unpaid federal taxes. The IRS may seize (levy) your property. However, you can appeal the proposed seizure (levy) of your assets by requesting a Collection Due Process (CDP) hearing by **September 15, 2021**.

### Billing Summary

| | |
|---|---|
| Amount you owed | $8,057.26 |
| Additional failure-to-pay penalty | 473.39 |
| Additional interest charges | 294.18 |
| **Amount due immediately** | **$8,824.83** |

## What you need to do immediately

**Pay immediately**

- **Send us the amount due of $8,824.83, or we may seize (levy) your property on or after September 15, 2021, unless you request a CDP hearing.**

Continued on back...

.................................................................................



MAUREEN ROBINSON
200 MT PLEASANT AVE APT J7
WEST ORANGE NJ 07052-4039

| Notice | CP90 |
|---|---|
| Notice date | August 16, 2021 |
| Social Security number | 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 |

## Payment

- Make your check or money order payable to the United States Treasury.
- Write your Social Security number, the tax period(s) and form number(s) on your payment and any correspondence.

### Amount due immediately                 $8,824.83

INTERNAL REVENUE SERVICE
PO BOX 219236, STOP P-4 5050
KANSAS CITY MO 64121-9236

*Exhibit B*

*Docket #-1800-22L   1 of 2*

## If we don't hear from you

If you don't call us immediately, pay the amount due, or request a hearing by **September 15, 2021**, we may seize (levy) your property or your rights to property. Property may include:

- Wages and other income
- Bank accounts
- Business assets
- Personal assets (including your car and home)
- State tax refunds
- Social Security benefits

## Your billing details

| Tax period ending | Form number | Amount you owed | Additional interest | Additional penalty | Total |
|---|---|---|---|---|---|
| December 31, 2018 | 1040 | $2,996.23 | $276.68 | $448.80 | $3,721.71 |
| December 31, 2020 | 1040 | $5,061.03 | $17.50 | $24.59 | $5,103.12 |

## Penalties

We are required by law to charge any applicable penalties.

**Failure-to-pay**

We assess a 1/2% monthly penalty for not paying the tax you owe by the due date. We base the monthly penalty for paying late on the net unpaid tax at the beginning of each penalty month following the payment due date for that tax. This penalty applies even if you filed the return on time.

We charge the penalty for each month or part of a month the payment is late; however, the penalty can't be more than 25% in total.

- The due date for payment of the tax shown on a return generally is the return due date, without regard to extensions.
- The due date for paying increases in tax is within 21 days of the date of our notice demanding payment (10 business days if the amount in the notice is $100,000 or more).

If we issue a Notice of Intent to Levy and you don't pay the balance due within 10 days of the date of the notice, the penalty for paying late increases to 1% per month.

For individuals who filed on time, the penalty decreases to 1/4% per month while an approved installment agreement with the IRS is in effect for payment of that tax.

For a detailed computation of the penalty call 800-829-7650.

(Internal Revenue Code Section 6651)

*Exhibit 3*
*Docket 1800-22L 2 of 2*

## Attachment

**MAUREEN ROBINSON**

*[handwritten: to be considered in the appeal for the determination]*

| Type of Tax(es) | Tax Period(s) | Date of CDP Notice | Type of hearing | Date used to determine timeliness |
|---|---|---|---|---|
| Form 1040 | 201812 | 08/16/2021 | 6330 | 09/07/2021 |
| Form 1040 | 202012 | 08/16/2021 | 6330 | 09/07/2021 |

### SUMMARY AND RECOMMENDATION

You filed a Collection Due Process (CDP) request for a hearing with Appeals under the provisions of Internal Revenue Code (IRC) Section §6330 in response to a Notice CP90, Notice of Intent to Seize Your Assets and of Your Right to a Hearing.

On your Form 12153 Request for a Collection Due Process Hearing, you stated you cannot pay the balance and requested consideration of the collection alternatives of Installment Agreement and Offer in Compromise. You did not submit a Form 656, Offer in Compromise (OIC). As such, Appeals cannot consider the collection alternative of OIC.

You provided Appeals with information confirming you have the ability to make monthly payments. However, because you did not return a signed Form 433-D not agreeing to the Installment Agreement proposed by Appeals, we cannot consider an Installment Agreement as an alternative to collection.

Appeals sustains the proposed levy action.

### BRIEF BACKGROUND

According to the collection file a Notice CP90, Notice of Intent to Seize Your Assets and of Your Right to a Hearing was mailed to you on August 16, 2021 for the above tax periods. The CP90 advised you of your appeal rights and you had until September 15, 2021 to file a request for a hearing. You responded to the CDP notice by submitting a Form 12153, Request for a Collection Due Process Hearing. Your request was postmarked September 7, 2021, which made it timely. Therefore, you were entitled by law to a Collection Due Process hearing.

In the Substantive Contact Letter 4837 dated March 17, 2022, I requested you provide proof you paid your estimated tax payments for the year to date, a completed Form 656, Offer in Compromise, a completed Form 433-A Collection Information Statement for Individuals along with substantiating documents for income, assets, and expenses claimed. You were allowed 14 days from the contact letter dated March 17, 2022 to provide the information. Your Form 433-A and supporting documentation was received in Appeals on April 5, 2022.

The substantive contact letter dated March 17, 2022 advised you that you could request a face-to-face hearing. You did not have a face-to-face hearing because you did not request one.

The substantive contact letter dated March 17, 2022 advised you that you could request a copy of the administrative file in your case under the Taxpayer First Act (TFA) initiative. You did not request a copy of the TFA file prior to your hearing.

*[handwritten: Docket # 12800-22L]*

*[handwritten: Exhibit C]*



**Department of the Treasury**
**Internal Revenue Service**
**Independent Office of Appeals**
110 City Parkway, Suite 350
MS 8000
Las Vegas, NV 89106

**Date:** JUNE 14, 2022

**Person to contact:**
 Name: Patricia Williams
 Employee ID Number: 1000324506
 Phone: 702-868-5338
 Fax: 866-729-9276
 Hours: M-T 8:00 AM - 4:00 PM PST
**Re:**
 Due Process - Levy
**Tax periods ended:**
 12/2018 12/2020
**Taxpayer ID number:**
 █████████

MAUREEN ROBINSON
200 MT.PLEASANT AVE APT J7
WEST ORANGE, NJ 07052

**Certified Mail**

7020 0640 0002 1949 7894

**NOTICE OF DETERMINATION**
**Concerning Collection Actions under IRS Sections 6320 or 6330 of the Internal Revenue Code**

Dear Maureen Robinson:

We reviewed the completed or proposed collection actions for the tax periods above. This letter is your Notice of Determination, as required by law. We attached a summary of our determination. The attached determination summary shows the matters we considered at your Appeals hearing and our conclusions.

 If you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter. To obtain a petition form and the rules for filing a petition, write to:

Clerk, United States Tax Court
400 Second Street NW
Washington, DC 20217

Or you can visit the Tax Court website at **www.ustaxcourt.gov**. Include a copy of this letter with your petition.

The United States Tax Court also has a simplified procedure for an appeal of a collection action if the total unpaid tax, including interest and penalties, for all periods doesn't exceed $50,000. You can obtain information about this simplified procedure by writing to the Tax Court or visiting their website.

The law limits the time for filing your petition to the 30-day period mentioned above. This timeframe is set by law and cannot be extended or suspended, even for reasonable cause. The court cannot consider your case if you file late. This 30-day period is suspended during any time that you're prohibited from petitioning the Tax Court due to the filing of a bankruptcy petition, plus an additional 30 days.

Your petition is timely if the Tax Court receives it within the 30-day period or if it is postmarked by the United States Postal Service within the 30-day period and the envelope containing the petition is properly addressed with the correct postage. The postmark rule doesn't apply if using the mail service of a foreign country. Generally, your petition will be timely if the date marked by a designated private delivery service is within the 30-day period. You can find a list of designated delivery services for domestic and international mailings in Notice 2016-30, which is available on our website at **www.irs.gov/pub/irs-drop/n-16-30.pdf**. The list of approved delivery companies is subject to change.

*Exhibit D Page 1 of 2*

*Docket # 12800-22L*

**Letter 3193 (Rev. 10-2021)**
Catalog Number 27215L

Exhibit A. Dkt. No. 12800-22L, Page 1 of 6

If you don't petition the court within the time provided by law, we'll return your case to the originating IRS office for action consistent with the determination summarized below and described on the attached pages. If you have questions, contact the person at the telephone number listed at the top of this letter.

## Summary of Determination

It is Appeals determination to sustain the proposed levy action. You did not provide a signed Form 656, Offer in Compromise. As such, Appeals cannot consider an Offer in Compromise as a collection alternative.

Appeals cannot consider placing your account in a Currently not Collectible status due to hardship, as the financial documentation you provided does not support your claimed financial status.

You did not provide a signed Form 433-D, Installment Agreement. As such, Appeals cannot consider an Installment Agreement as a collection alternative.

If you submitted a Form 2848, Power of Attorney and Declaration of Representation, or Form 8821, Tax Information Authorization, we'll send a copy of this letter to the representative.

If you have questions, contact the person listed at the top of this letter.

Sincerely,

John P Brewer
Appeals Team Manager

Enclosures:
Decision document
IRS Appeals Survey

cc: Carlton Worthy

*Exhibit D*

*Docket # 12800-22 L*     *Page 2 of 3*

**Letter 3193 (Rev. 10-2021)**
Catalog Number 27215L

(8)

## LEARN MORE ABOUT APPEALS

To help you understand the Appeals process, we have created educational tools using videos and audio recordings. The educational tools are designed for taxpayers, practitioners and others who have an interest in learning more about the Internal Revenue Service Independent Office of Appeals.

To access these educational tools, visit the Appeals Website at: www.irs.gov/appeals. Click the link: Online Videos and Podcasts of the Appeals Process. The following are samples of the topics covered:

- Welcome to the Internal Revenue Service Independent Office of Appeals
- Appealing a Tax Dispute
- Appeals Process - Examination Issues
- Appeals Process - Collection Issues
- Ex Parte Communications

For the best audio experience, please use headphones. If using speakers, please increase your volume level.

## OTHER USEFUL RESOURCES

**Appeals website:**
www.irs.gov **Keyword=Appeals**
1-877-777-4778

**IRS website:**
**www.irs.gov**

**Taxpayer Advocate Service:**
1-877-777-4778
TTY/TTD: 1-800-829-4059

**IRS Toll Free:**
1-800-829-1040

**Forms and Publications:**
1-800-TAX-FORM



Publication 4227 (Rev. 1-2020) Catalog Number 37142N
Department of the Treasury **Internal Revenue Service**
www.irs.gov



**Internal Revenue Service**

**Independent Office of Appeals**

**WELCOME**

Mission
Overview Of Appeals Process
Expectations
Learn More About Appeals
Other Useful Resources

www.irs.gov keyword=Appeals

## MISSION

The mission of the Internal Revenue Service Independent Office of Appeals is to resolve tax controversies, without litigation, on a basis which is fair and impartial to both the Government and the taxpayer and in a manner that will enhance voluntary compliance and public confidence in the integrity and efficiency of the Service.

Today, alternative dispute resolution instead of litigation is widely valued and applied in many areas of our society. Customers expect more dispute resolution options, and Appeals has adapted its approach to keep up with the new methods and developments.

Our vision is to promote an independent and innovative environment that drives quality and timely resolution of tax disputes by empowering a highly skilled, motivated and cohesive workforce.

Appeals is a separate function and independent of the IRS office that proposed the adjustment or collection action. Appeals will not engage in communication with employees of other IRS functions (commonly referred to as ex parte communication) to the extent such communication appears to compromise our independence.

*[Handwritten annotations in left margin:]* Researched definition of "Ex Parte-done with respect to on in the interests of one side only of of an interested outside party.

## OVERVIEW OF APPEALS PROCESS

If you disagree with the proposed adjustment or action in your tax case, you can appeal your case to the IRS Independent Office of Appeals. An appeals officer or settlement officer will review the strengths and weaknesses of the respective positions taken in your case and give them a fresh look. Reviews by the IRS Independent Office of Appeals are conducted in an informal manner. Differences are often settled during an informal review thus avoiding expensive and time-consuming court proceedings. Appeals will consider reasons you have for disagreeing with the IRS, except those based on moral, religious, political, constitutional, conscientious objection, or similar grounds. Our goal is to provide a forum for us to work together to resolve the tax dispute.

You can work directly with us in the Appeals process, and you may bring a person with you to support your position. If you want to be represented by someone else, you must choose a person who is an attorney, a certified public accountant, or an enrolled agent authorized to practice before the IRS. You must also submit a completed Form 2848, Power of Attorney and Declaration of Representative, signed by both you and your representative, or a copy of the Form 2848 if you previously submitted it to IRS.

If you provide significant new information on a major issue to Appeals, we generally ask the IRS examiner who referred your case to Appeals to review the new information and provide his or her analysis and opinion in writing. The IRS examiner's opinion will be shared with you and you will have an opportunity to provide your feedback. If Appeals needs a further clarification from the IRS examiner, we will contact you to participate in a conference call if the clarification addresses the substance of the issues in your case.

## EXPECTATIONS

Our commitments to you are to:

- Be fair and impartial
- Be courteous and professional
- Listen to your concerns
- Explain your appeal rights and the Appeals process
- Be responsive
- Allow you reasonable time to respond to any requests for information

It is your responsibility to:

- Listen to our explanation of your appeal rights and the Appeals process
- Submit a statement that includes a list of all IRS positions with which you disagree and how you understand the facts and law for each issue
- Tell us how you think your case should be resolved
- Assist us in promptly and accurately resolving your case by participating in scheduled conferences and promptly responding to any requests for additional information or documentation
- Let us know the best time and method to contact you

*[Handwritten annotations in bottom margin:]* Exhibit 6 page of 8   Exhibit # 13800 - Exh.



**Department of the Treasury**
**Internal Revenue Service**
**Independent Office of Appeals**
110 City Parkway, Suite 350
MS 8000
Las Vegas, NV 89106

Date:
03/17/2022
Person to contact:
  Name: Patricia Williams
  Employee ID Number: 1000324506
  Phone: 702-868-5338
  Fax: 866-729-9276
  Hours: M-T 8:00 AM - 4:00 PM PST
Re:
  Due Process - Levy
Tax periods ended:
  12/2018 12/2020
Conference information:
  Date: April 6, 2022
  Time: 11:00 a.m., PDT
  Via telephone:
    Call: 702-868-5338

MAUREEN ROBINSON
200 MT.PLEASANT AVE APT J7
WEST ORANGE, NJ 07052

### Appeals Received Your Request for a Collection Due Process Hearing

Dear Maureen Robinson:

We received your request for a Collection Due Process (CDP) or Equivalent Hearing in our Las Vegas Appeals office. If the conference time above isn't convenient for you, or you'd prefer another type of conference (telephone, correspondence, or in-person), call or write me within 14 days from the date of this letter.

Your request for a hearing to address the proposed or actual levy action for the tax periods above was made on time. For the tax periods above, we have suspended the legal period for collection and we generally will not take levy action from the date you sent your request until Appeals' decision becomes final.

The IRS may file a Notice of Federal Tax Lien for the tax periods above. If the IRS files a Notice of Federal Tax Lien for these tax periods, the IRS will send you Letter 3172, Notice of Federal Tax Lien Filing and your Rights to a Hearing Under IRC 6320, and you'll have the right to request a hearing with Appeals to contest the filing. You have the right to request a lien hearing for a tax period only for the first filing. If the IRS files a Notice of Federal Tax Lien and it is not the first filing, you may request a hearing under the Collection Appeal Program after first trying to resolve your disagreement with a Collection Manager. Please refer to Publication 1660, Collection Appeal Rights, for further information. You can get tax forms, instructions, and publications by visiting our website at www.irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

I scheduled a telephone conference. Please call me at 702-868-5338 at the date and time above. If you can't keep this appointment, call the telephone number at the top of this letter to reschedule within two weeks from the date of this letter.

This will be your opportunity to discuss the reasons you disagree with the collection action or to discuss alternatives to the collection action. Our office is separate from, and independent of, the IRS office taking the collection action. We review and resolve disputes in a fair and impartial manner by weighing the facts according to the law and to judicial decisions.

You have the right to access the administrative file in your case. If you want access to the file, please contact me within 14 days of the date of this letter.



**Letter 4837** (Rev. 12-2019)
Catalog Number 58666E

Before the hearing, we strongly urge you to read Publication 4227, Overview of the Appeals Process, which includes details about the Appeals process and your right to representation. You can find the brochure at https://www.irs.gov/pub/irs-pdf/p4227.pdf. If you'd like a printed copy of this brochure, contact me at the telephone number at the top of this letter and I'll mail a copy.

Please note that while you are working with Appeals and until you pay your tax liability in full, interest will continue to be added on any balance due, including prior accruals of penalty and interest. *Also, even a timely request for a CDP hearing may not prohibit the IRS from taking levy actions.*

During the hearing, I must consider:

- Whether the IRS met all the requirements of any applicable law or administrative procedure
- Any relevant issues you wish to discuss. These can include:
  1. Collection alternatives to levy, such as full payment of the liability, an installment agreement, or an offer in compromise. Although these collection options may not necessarily be considered an "alternative" to a notice of lien filing, they may be discussed at a lien hearing.
  2. Challenges to the appropriateness of collection action. If this is a lien hearing, you may ask us to determine if the notice of lien filing was appropriate and if you qualify for a notice of lien withdrawal or other lien options.
  3. Spousal defenses, when applicable.
- Whether you are liable for the amount due, but only if you didn't receive a Statutory Notice of Deficiency or have not otherwise had an opportunity to dispute your liability with Appeals.

I will balance the IRS's need for efficient tax collection and your legitimate concern the collection action be no more intrusive than necessary.

You're entitled to have your conference with an Appeals employee who has had no prior involvement with the tax periods at issue (other than a prior CDP Hearing), either in Appeals or in the Compliance (Collection or Examination) division. I don't recall any previous involvement with these tax periods; however, if you believe I've had previous involvement, please notify me immediately to discuss. If I've been involved but you still want me to conduct your hearing, you may waive your right to have another Appeals employee consider your case.

We may ask the IRS Collection function to review, verify, and provide their opinion on any new information you submit. You'll receive a copy of any comments and have an opportunity to respond.

For me to consider an alternative collection method such as an installment agreement or offer in compromise, you must provide the items checked below.

- Completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.
- **Completed Form 656, Offer in Compromise**, and any documentation required for its completion. You may view and download the Form 656 and instructions (**Form 656-B**), at www.irs.gov/pub/irs-pdf/f656b.pdf.
- Proof you paid your estimated tax payments in full for the year to date. If you have not made your estimated tax payments in full for the year to date, the IRS may approve your request for an installment agreement if you make the commitment to full pay these estimated taxes by the due date of the current year's tax return. However, we won't accept an offer in compromise unless you pay your estimated tax payments in full.
- Other:

In addition, the following documents should be submitted with the financial statement:

- Proof of all current expenses that you paid for the past three months, including utilities, insurance, property taxes, etc. Please provide a copy of your most recent mortgage statement or a copy of your rental/lease agreement and proof of payment.

**Letter 4837 (Rev. 12-2019)**
Catalog Number 58666E

- Proof of vehicle loan or lease payments, with a copy of the most recent statement.
- Proof of payments for health care, including health insurance premiums, co-payments, and other out-of-pocket expenses, for the past three months.
- Proof of payments for life insurance and verification of the current loan value (if any).
- Copies of any court order requiring payment and proof of such payments (e.g., cancelled checks, money orders, earning statements showing such deductions) for the past three months.
- List of all real estate in which you hold an interest, including but not limited to: the fair market value, mortgage information and current balance due.
- List of all other assets you own, including their fair market value and verification of any encumbrances.
- Copies of statements from all accounts (checking, savings, virtual currency, money market, IRA, 401(k), etc.) for the most recent three-month period.
- Copies of the last three months of your earnings statement(s) from your employer(s), which will reflect your gross monthly wages and your annual income and withholdings.
- If you are self-employed, please provide a current income/expense statement and the most recent six months' worth (concurrently) of bank statements.

Send the items listed above within 14 days from the date of this letter. Send tax returns to me within 21 days from the date of this letter. I can't consider collection alternatives without the information requested.

At the end of the hearing process, we'll issue a determination letter for your timely-filed CDP hearing request. If you don't agree with our determination, you can appeal the case to the United States Tax Court.

At the end of the hearing process, an authorized vendor may contact you to complete a customer satisfaction survey. Your participation is voluntary and the survey won't ask for personal or financial information. If you'd like to verify the survey and vendor, you can visit the IRS customer satisfaction Survey page at www.irs.gov/uac/customer-satisfaction-surveys.

If you don't participate in a conference or respond to this letter, we'll base the determination or decision letter on your CDP request, any information you previously provided to this office, and any information we have on file regarding the applicable tax periods.

If you have questions or concerns about this letter or the CDP procedures, contact me at the telephone number at the top of this letter.

Sincerely,

Patricia Williams
Appeals Officer

Enclosures: Publication 4227

cc: Carlton Worthy

www.irs.gov/appeals

**IRS** Department of the Treasury
Internal Revenue Service

PO BOX 219236, Stop 5050
Kansas City   MO   64121

In reply refer to:  0975365706
Mar. 10, 2022  LTR 4473C   0
***-**-2498  201812 30      0
                           00036763
                        BODC: WI

MAUREEN ROBINSON
200 MT PLEASANT AVE APT J7
WEST ORANGE   NJ   07052-4039

Social security number:  ***-**-2498
Forms:  1040
Tax periods:  Dec. 31, 2018  Dec. 31, 2020

Dear Taxpayer:

We received your Form 12153, Request for a Collection Due Process or Equivalent Hearing, dated Sep. 07, 2021.

We're forwarding your request for an equivalent hearing to the Office of Appeals. That office will contact you within 60 days.

We didn't receive the completed Form 656, Offer in Compromise. Please complete Form 656-B, Offer in Compromise (Booklet), and send it to the appropriate address as shown in the booklet's checklist.

You must have received a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing for tax years 2004, 2008, 2011, 2012, 2013, 2014, to be eligible for a Collection Due Process Hearing under IRC 6320. We will consider your request for a Collection Due Process hearing if you receive Letter 3172, in the future and submit a new CDP request.

You can get any of the forms or publications mentioned in this letter by visiting our website at www.irs.gov/forms-pubs or by calling 1-800-TAX-FORM (1-800-829-3676).

If you have questions, you can call Ms. R Taylor at 816-499-6772 between 7:30 a.m. and 3:00 p.m. CST.

A copy of this letter and any referenced enclosures have been forwarded to your authorized representative(s).

*Letter 3172 —?*

*— Distribution of payments*
*12 year Non collection balance*

*Exhibit E*
*Received 12153 for*
*CDP Hearing for*
*Tax Years 2018, 2020*

0975365706
Mar. 10, 2022  LTR 4473C   0
***-**-2498  201812 30        0
                    00036764

MAUREEN ROBINSON
200 MT PLEASANT AVE APT J7
WEST ORANGE  NJ  07052-4039

Sincerely yours,

*Thomas D. Taylor* (signature)

Thomas D. Taylor
Operation Manager, ACS Support

Enclosures:
Publication 1660
Form 433-F



**Department of the Treasury**
**Internal Revenue Service**
**Independent Office of Appeals**
110 City Parkway, Suite 350
MS 8000
Las Vegas, NV 89106

Date:
  April 11, 2022
Person to contact:
  Name: Patricia Williams
  Employee ID Number: 1000324506
  Phone: 702-868-5338
  Fax: 866-729-9276
  Hours: M-T 8:00 AM - 4:00 PM PST
Re:
  Due Process - Levy
Tax periods ended:
  12/2018 12/2020

MAUREEN ROBINSON
200 MT.PLEASANT AVE APT J7
WEST ORANGE, NJ 07052

Dear Maureen Robinson:

You requested the Independent Office of Appeals (Appeals) consider new information or a new issue and we've asked Collection for its review and comment.

We'll keep jurisdiction of your case during this time. However, Collection may need to contact you for information to complete the review.

You'll receive the review results and have an opportunity to respond.

If you don't respond to Collection requests for additional information, we'll base our final decision on the information in the administrative file.

If you have questions, you can contact the person shown above.

Sincerely,

*Williams*

Patricia Williams
Appeals Officer

Enclosures:

cc: Carlton Worthy

*Called @ 4:25 PM PST*
*Badge # 1000 324 506*
*4/19/2022*
*Exempt &        Docket # 1518-221*
*(Collections Transcript)*

**Letter 5208 (Rev. 10-2021)**
Catalog Number 63062E

TERRENCE MARCUS & ASSOCIATES, P.C.
CERTIFIED PUBLIC ACCOUNTANTS
TERRENCE MARCUS, CPA
ACCOUNTING, TAXATION & FINANCIAL SERVICES

November 5, 2014

Ms. Maureen Robinson
428 Doyle Street
Elizabeth, NJ 07206

Dear Maureen,

### Subject: Update - IRS OIC

The IRS requires that we make monthly payments of $175 a month until the an acceptance of the offer is confirmed. I am enclosing vouchers for you to mail the payments. **The payment must reach the IRS by the 28th of each month. Therefore it's important that you mail the payments by the 20th of each month to avoid a cancellation of the offer.**

Please call if you need any additional information or clarification.

Terrence Marcus, CPA

Exhibit H

Form **656-PPV**
(March 2009)

Department of the Treasury — Internal Revenue Service

## Offer in Compromise - Periodic Payment Voucher

If you filed an offer in compromise and the offered amount is to be paid in 24 months or fewer *(Short Term Periodic Payment Offer)* or monthly installments paid within the statutory period *(Deferred Periodic Payment Offer)* in accordance with the **Tax Increase Prevention and Reconciliation Act of 2005**, you must continue to make the payments during the investigation of the offer until you receive a decision letter *(accepted, rejected, returned, or withdrawn)*. Mail this voucher with your check or money order payable to the "United States Treasury." Write your social security number or employer identification number on the check or money order. Do not send cash. You may designate a specific tax liability to apply the payments. If you choose to do this, please write it in the "Apply to" section of the **Form 656-PPV**.

**Enclose your payment with this voucher and mail to:**

For those offers originally sent to Holtsville, NY, please send payments to: P.O. Box 9011, Holtsville, NY 11742
For those offers originally sent to Memphis, TN, please send payments to: AMC-Stop 880, PO Box 30834, Memphis, TN 38130-0834

*(Please Print or Type)*

| Taxpayer's First Name and Initial | Taxpayer's Last Name | Your Social Security Number (SSN) or Employer Identification Number (EIN) |
|---|---|---|
| MAUREEN | ROBINSON | 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 |

Taxpayer's Address *(number, street, and room or suite no., city, state, ZIP code)*

45 DOYLE STREET
ELIZABETH, NJ 07206

Offer Number *(If you are submitting a payment (as described above) and this **Form 656-PPV** with your offer, then please leave this section blank. An offer number will be assigned and sent to you once your offer is processed.)*

1001237758

**Amount of Your Payment**

| (Dollars) | (Cents) |
|---|---|
| $ 175 | |

Apply Payment to: *(optional)*

Form _____

Period _____

Catalog Number 31131Y

www.irs.gov

Form **656-PPV** (Rev. 3-2009)

(18)

To pay your taxes due by check, mail this form to the address listed below.

- - - - - - - - - - - - - - - - - - - - ▼ **Detach Here and Mail With Your Payment and Return** ▼ - - - - - - - - - - - - - - - - - - - - - -

Form **1040-V** (2010)

Department of the Treasury
Internal Revenue Service    (99)    **2010**

► Use this voucher when making a payment with Form 1040.
► Do not staple this voucher or your payment to Form 1040.
► Make your check or money order payable to the "United States Treasury."
► Write your social security number (SSN) on your check or money order.

# Form 1040-V Payment Voucher

| Enter the amount of your payment . . . . . ► | | 150. |
|---|---|---|

FDIA8601   06/22/10        1030

MAUREEN  ROBINSON

1749-B WALKER AVE
UNION NJ 07083

INTERNAL REVENUE SERVICE
PO BOX 37008
HARTFORD CT 06176-0008

145302249 WZ ROBI 30 0 201012 610

Form **433-D**
(July 2020)

Department of the Treasury - Internal Revenue Service

# Installment Agreement
*(See Instructions on the back of this page)*



| Name and address of taxpayer(s) | Social Security or Employer Identification Number (SSN/EIN) |
|---|---|
| MAUREEN ROBINSON | (Taxpayer) 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      (Spouse) |

200 MT. PLEASANT AVE APT J7

WEST ORANGE, NJ 07052

**Your telephone numbers** *(including area code)*
(Home)
908-414-7502

*(Work, cell or business)*
973-731-1619

For assistance, call: **1-800-829-0115 (Business), or**
**1-800-829-8374 (Individual – Self-Employed/Business Owners), or**
**1-800-829-0922 (Individuals – Wage Earners)**

☐ Submit a new Form W-4 to your employer to increase your withholding.

Or write

*(City, State, and ZIP Code)*

| Kinds of taxes *(form numbers)* | Tax periods | Amount owed as of   05/03/2022 |
|---|---|---|
| 1040 | 12/2004 12/2008 12/2010 12/2011 12/2012 12/2013 12/2014 12/2018 12/2020 | $ 74,295.10 |

I / We agree to pay the federal taxes shown above, PLUS PENALTIES AND INTEREST PROVIDED BY LAW, as follows

$ 1,000.00     on 07/05/2022     and $ 1,000.00     on the 5th     of each month thereafter

I / We also agree to increase or decrease the above installment payments as follows:

| Date of increase *(or decrease)* | Amount of increase *(or decrease)* | New installment payment amount |
|---|---|---|
| 07/05/2023 | $275.00 | $1,275.00 |
| N/A | N/A | N/A |

**The terms of this** ~~agreement~~ ...ded on the back of this page. Please review them thoroughly.

☐ By ... ...low, I agree to the terms of this agreement, as provided in this form, if it is approved by the Internal Revenue Service.

Additional Condit... ...s ~~(to be completed by IRS)~~

Please include the pre-assessed ... ne period ending 12/2021

By signing and submitting this form, I authorize the IRS to contact third parties and to disclose my tax information to third parties in order to process and administer this agreement over its duration.

**DIRECT DEBIT** — Attach a voided check or complete this part only if you choose to make payments by direct debit. Read the instructions on the back of this page.

a. Routing number   | 2 | 3 | 6 | 0 | 7 | 7 | 7 | 5 | 5 |

b. Account number   | 1 | 1 | 9 | 9 | 4 | 7 |

I authorize the U.S. Treasury and its designated Financial Agent to initiate a monthly ACH debit (electronic withdrawal) entry to the financial institution account indicated for payments of my federal taxes owed, and the financial institution to debit the entry to this account. This authorization is to remain in full force and effect until I notify the Internal Revenue Service to terminate the authorization. To revoke payment, I must contact the Internal Revenue Service at the applicable toll free number listed above no later than 14 business days prior to the payment (settlement) date. I also authorize the financial institutions involved in the processing of the electronic payments of taxes to receive confidential information necessary to answer inquiries and resolve issues related to the payments.

**Debit Payments Self-Identifier**

If you are unable to make electronic payments through a debit instrument (debit payments) by providing your banking information in a. and b. above, please check the box below:

☐ I am unable to make debit payments

**Note:** Not checking this box indicates that you are able but cho...ing not to make ... . See Instructions to Taxpayer below for more details.

| Your signature | Date | Title ( ... | ...er) | Spouse's signature *(if a joint liability)* | Date |
|---|---|---|---|---|---|

## *FOR IRS USE ONLY*

AGREEMENT LOCATOR NUMBER:   0   3   1   2

Check the appropriate boxes:

| | |
|---|---|
| ☐ RSI "1" no further review | ☒ AI "0" Not a PPIA |
| ☐ RSI "5" PPIA IMF 2 year review | ☐ AI "1" Field Asset PPIA |
| ☐ RSI "6" PPIA BMF 2 year review | ☐ AI "2" All other PPIAs |

Agreement Review Cycle  __ __ __ __ __ __      Earliest CSED 06/12/2023

☒ Check box if pre-assessed modules included

Originator's ID number  1000324506        Originator Code  80

Name  Patricia Williams          Title  Appeals Officer

**A NOTICE OF FEDERAL TAX LIEN** *(Check one box below)*

☒ **HAS ALREADY BEEN FILED**

☐ **WILL BE FILED IMMEDIATELY**

☐ **WILL BE FILED WHEN TAX IS ASSESSED**

☐ **MAY BE FILED IF THIS AGREEMENT DEFAULTS**

NOTE: A NOTICE OF FEDERAL TAX LIEN WILL NOT BE FILED ON ANY PORTION OF YOUR LIABILITY WHICH REPRESENTS AN INDIVIDUAL SHARED RESPONSIBILITY PAYMENT UNDER THE AFFORDABLE CARE ACT.

| Agreement examined or approved by *(Signature, title, function)* | | Date |
|---|---|---|

Catalog Number 16644M        www.irs.gov        Form **433-D** (Rev. 7-2020)

Taxpayer's signature

Date

Spouse's signature *(if applicable)*

Date

Signature of Taxpayer's Authorized Representative *(if applicable)*

Date

Approving Official, Independent Office of Appeals

John P Brewer

Date

**Department of the Treasury**

**Internal Revenue Service**
Independent Office of Appeals
110 City Parkway, Suite 350
MS 8000
Las Vegas, NV  89106

**Person to Contact:**
Patricia Williams
Employee ID Number: 1000324506
Tel:  702-868-5338
Fax:  866-729-9276
Contact Hours: M-T 8:00 AM - 4:00 PM PST
**Refer Reply to:**
AP:CL:LAS:PXW

Date:  May 3, 2022

**In Re:**
Collection Due Process - Levy
**Tax Period(s) Ended:**
12/2018 12/2020

MAUREEN ROBINSON
200 MT.PLEASANT AVE APT J7
WEST ORANGE NJ  07052

Maureen Robinson:

Included is a Form 433-D Installment Agreement, which outlines the payment amount and payment due dates you accepted. Please review Part 2 which includes instructions, fees and other terms of the Installment Agreement. Please sign and return the Form 433-D by May 18, 2022. If the Form 433-D is not received by this date, the Installment Agreement will not be granted and Appeals will close your case, sustaining Collection's actions.

Also included is a Form 12257, Summary Notice of Determination, Waiver of Right to Judicial Review of a Collection Due Process Determination, and Waiver of Levy Prohibition.

This form is voluntary and waives your right to pursue the case further in Tax Court. The waiver outlines Appeal's determination and agreement with you to resolve your case. If you agree with Appeal's determination, please sign and return the Form 12257, Waiver by May 18, 2022. Receipt of the signed waiver expedites the closing of your case but does not change Appeal's determination.

Sincerely,

P. Williams

Patricia Williams
Appeals Officer

Enclosures:
Form 433-D Installment Agreement
Waiver

| Form **12257** (March 2022) | Department of the Treasury - Internal Revenue Service - Independent Office of Appeals **Summary Notice of Determination and Waiver of Judicial Review** |
|---|---|

Taxpayer name(s)

MAUREEN ROBINSON

Address *(street)*

200 MT.PLEASANT AVE APT J7

| City WEST ORANGE | State NJ | Zip code 07052 |
|---|---|---|

Type of tax/tax form

1040

Tax period(s)

12/2018 12/2020

Social Security/Tax Identification Number(s)

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

This waiver concerns the following Collection Due Process (CDP) Notice(s)

☐ Notice of Federal Tax Lien Filing and Your Right to a Hearing *(IRC Section 6320)*

☒ Notice of Intent to Levy and Your Right to a Hearing *(IRC Section 6330)*

I understand that IRC Sections 6320 and 6330 require the Internal Revenue Service Independent Office of Appeals (Appeals) to issue a Notice of Determination after a CDP Hearing. Those sections allow me 30 days to seek judicial review of Appeals' determination with Tax Court.

I understand that, if I have requested an IRC Section 6330 hearing, the IRS may not levy to collect the taxes at issue for the period of the hearing, during the 30-day period for seeking judicial review of Appeals' determination and while any timely-requested appeal is pending *(unless an exception to the levy prohibition applies)*. If I have only requested an IRC Section 6320 hearing, the IRS may not levy unless an exception to the levy prohibition applies or I already have been given my IRC Section 6330 hearing rights.

I agree that the Appeals determination shown on the following page, as a Summary Notice of Determination, is appropriate and correct and resolves the issues I raised in the hearing. Because of my agreement, I recognize there is no need for judicial review of the determinations therein, or for the continuation of any prohibition of levies or court proceedings.

- I waive my right under IRC Sections 6320(c) and/or 6330(d)(1) to request judicial review of an Appeals Notice of Determination.
- I waive the 30-day prohibition on levy described in IRC Section 6330(e)(1) if I have requested an IRC Section 6330 hearing.

A notice of federal tax lien may later be filed when the case is returned to the Collection Division. If, in accordance with the Appeals determination, I entered into an offer in compromise, installment agreement, or other collection alternative, I understand that the IRS will not levy my property so long as I comply with the terms of the Appeals determination, unless levy is part of the Appeals determination. If Appeals placed my outstanding tax liabilities in Currently Not Collectible (CNC) hardship status, I understand that these liabilities may later be taken out of CNC status.

I do not waive my right under Appeals' retained jurisdiction to receive another hearing with Appeals if I disagree with the IRS over how it followed the Appeals determination.

I do not waive my right under Appeals' retained jurisdiction to receive another hearing with Appeals if my circumstances change in a way that affects this determination. I understand that I must first exhaust my administrative remedies before I request a hearing.

I do not give up any other administrative appeal rights I'm entitled to, such as appeal rights under the Collection Appeals Program (CAP).

Hearing under 6330
*IRC Section*
(*I did not sign*)

Exhibit J page 10/3
Exhibit # 2800-2H

Form **12257** (Rev 3-2022)

My agreement includes:
- The Summary Notice of Determination shown below
- To waive judicial review under IRC Section 6320(c) and/or Section 6330(d)(1)
- To waive the prohibition of levy under section 6330(e)(1)

My agreement is effective upon the written approval by a person in the Office of Appeals with authority to bind the IRS to:
- The installment agreement, offer in compromise or other collection alternative I have requested
- The Summary Notice of Determination shown below
- And any other agreement described in the Summary Notice of Determination that has been signed by me and requires separate written approval

I understand the suspension of the collection statute of limitations pursuant to IRC Section 6330(e)(1) and suspension of other periods referred to in IRC Section 6330(e)(1) will end when the Summary Notice of Determination is effective.

Appeals has verified whether applicable laws and administrative procedures have been met, has considered the issues raised, and has balanced the proposed collection action with the legitimate concerns that such action be no more intrusive than necessary as required by IRC Section 6330(c)(3).

The determination of Appeals is
A telephone hearing was held on April 6, 2022 between the taxpayer, Maureen Robinson, and Settlement Officer (SO) Patricia Williams. SO Williams has had no prior involvement with respect to these tax liabilities. There was no issue raised with the underlying liabilities. The requirements of all applicable laws and administrative procedures have been met. The taxpayer received her required notices.

During the August 10, 2021 conference the taxpayer was given an opportunity to arrange for payment of her taxes. We discussed the collection alternatives raised in the appeal:
- Installment Agreement
- Offer in Compromise
- Cannot Pay
- Application of payments

The taxpayer provided documentation for a financial review. The financial review was completed and verified by a representative in the Campus Collection Operation. The collection representative determined the taxpayer meets criteria for an installment agreement at the rate of $1,825.00 per month. The taxpayer did not agree with Collection's analysis, and proposed an installment agreement at the rate of $1,000.00 per month. Appeals did not agree to the taxpayer's counter offer and proposed a third option, to which the taxpayer agreed.

Appeals proposed an installment agreement at the rate of $1,000.00 beginning July 5, 2022 and $1,000.00 due the 5th of each month for twelve months. On July 5, 2023 the payment will increase to $1,275.00 due the 5th of each month and continue at that rate for the life of the agreement.

Given the taxpayer's current compliance and cooperation the government should allow the taxpayer to enter into a Direct Debit Installment Agreement (DDIA) as the appropriate collection alternative.

The DDIA will include the balances due for Form 1040 periods ending: 12/2004 12/2008 12/2010 12/2011 12/2012 12/2013 12/2014 12/2018 12/2020 and the pre-assessed period, 12/2021.

With the taxpayer's cooperation, the proposed collection alternative, installment agreement, balances the need for efficient collection with the taxpayer's concern that any collection action be no more intrusive than necessary. The proposed levy is not sustained.

This Form 12257 is not effective until signed by the Appeals Team Manager.

**Internal Revenue Service**
Independent Office of Appeals
110 City Parkway, Suite 350
MS 8000
Las Vegas, NV 89106

**Department of the Treasury**    (14)

**Person to Contact:**
Patricia Williams
Employee ID Number: 1000324506
Tel:  702-868-5338
Fax:  866-729-9276
Contact Hours: M-T 8:00 AM - 4:00 PM
PST

Date:  April 21, 2022

MAUREEN ROBINSON
200 MT.PLEASANT AVE APT J7
WEST ORANGE NJ  07052

**Refer Reply to:**
AP:CL:LAS:PXW
**In Re:**
Collection Due Process - Levy
**Tax Period(s) Ended:**
12/2018 12/2020

Maureen Robinson:

Enclosed are the results of Collection's review of your financial documentation. Their analysis of the documentation you shared indicates you can make a monthly payment of $1,825.00.

Their calculations are based on your stated net monthly income of $6,549.00 minus your claimed expenses of $4,724.00.

Please advise if you'd like to proceed with an installment agreement at the rate of $1,825.00 each month. If so, I'll prepare the required forms and send them to you for your signature.

If you disagree, tell me what you disagree with and why you disagree by May 21, 2022. I'll consider Collection's review and your response before making a decision in your Collection Due Process hearing.

Sincerely,

*Williams*

Patricia Williams
Appeals Officer

Enclosures:
Results of Financial Review

cc: Carlton Worthy

(25)



**United States Tax Court**
Washington, DC 20217

Maureen Robinson, Petitioner v. Commissioner of          Docket No. 12800-22L
Internal Revenue, Respondent

## Printable Docket Record

| Name | Contact | Counsel |
|------|---------|---------|
| Maureen Robinson | 200 Mount Pleasant Ave.<br>Apt. J7<br>West Orange, NJ 07052<br>908-414-7502 | None |

| Respondent Counsel | Respondent Counsel Contact |
|--------------------|----------------------------|
| Rachel L. Schiffman | rachel.l.schiffman@irscounsel.treas.gov<br>973-681-6635 |
| Jonathan Bartolomei | jonathan.bartolomei@irscounsel.treas.gov<br>973-681-6642 |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|-----|------|-------|-------------------------|----------|--------|--------|---------|
| 1 | 05/26/22 | P | **Petition** | Petr.<br>Maureen<br>Robinson | | 06/10/22 | R |
| 2 | 05/26/22 | RQT | **Request for Place of Trial at New York City, New York** | Petr.<br>Maureen<br>Robinson | | 06/10/22 | R |
| 3 | 05/26/22 | FEE | **Filing Fee Paid** | | | | |
| 4 | 06/10/22 | NOTR | **Notice of Receipt of Petition** | | | 06/10/22 | P |
| 5 | 06/10/22 | NOT | **Notice of Attachments in the Nature of Evidence** | | | 06/10/22 | B |
| 6 | 08/08/22 | A | **Answer** (C/S 08/08/22) (Attachment(s)) | Resp. | | 08/08/22 | B |

*Exhibit L, page 1 of 2.*

Printed 11/08/22

Docket No.: 12800-22L

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|---|---|---|---|---|---|---|---|
| 7 | 08/09/22 | M073 | **Motion to Dismiss for Lack of Jurisdiction** (C/S 08/09/22) (Attachment(s)) | Resp. | ORD 09/30/2022 | 08/09/22 | B |
| 8 | 08/10/22 | O | **Order that petitioner, by 09/06/2022, shall file an objection to Motion to Dismiss for Lack of Jurisdiction.** | | | 08/10/22 | B |
| 9 | 09/06/22 | OBJE | **Objection to Motion to Dismiss for Lack of Jurisdiction** (Attachment(s)) | Petr. Maureen Robinson | | 09/14/22 | B |
| 10 | 09/30/22 | ODJ | **Order of Dismissal for Lack of Jurisdiction Entered, Chief Judge Kerrigan Resp. Motion to Dismiss for Lack of Jurisdiction filed 08/09/2022 is granted and this case is dismissed for lack of jurisdiction.** | | | 09/30/22 | B |
| 11 | 10/31/22 | NOA | **Notice of Appeal for the 3rd Circuit** (NO FEE) | Petr. Maureen Robinson | | 11/08/22 | B |
| 12 | 11/08/22 | NOT | **Notice of filing of notice of appeal to Court of Appeals** | | | 11/08/22 | B |

*Exhibit L, page 2*

| n/a | 09221-133-88924-8 | | |
|---|---|---|---|
| 806 | W-2 or 1099 withholding | 04-15-2006 | -$9,992.00 |
| 140 | Inquiry for non-filing of tax return | 11-21-2006 | $0.00 |
| 766 | Credit to your account | 04-15-2006 | -$394.00 |
| 176 | Penalty for not pre-paying tax 01-24-2023 | 20082208 06-09-2008 | $143.68 |
| 166 | Penalty for filing tax return after the due date 01-24-2023 | 20082208 06-09-2008 | $1,065.60 |
| 276 | Penalty for late payment of tax | 20082208 06-09-2008 | $615.68 |
| 196 | Interest charged for late payment | 20082208 06-09-2008 | $1,032.32 |
| 971 | Notice issued CP 0014 | 06-09-2008 | $0.00 |
| 971 | Tax period blocked from automated levy program | 09-01-2008 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | 08-21-2008 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | 08-23-2008 | $0.00 |
| 971 | Account match for federal levy payment program | 10-06-2008 | $0.00 |
| 971 | Notice issued CP 0091 | 11-17-2008 | $0.00 |
| 971 | Final notice before levy on social security benefits | 11-17-2008 | $0.00 |
| 582 | Lien placed on assets due to balance owed | 11-28-2008 | $0.00 |
| 960 | Appointed representative | 01-16-2009 | $0.00 |
| 480 | Received offer in compromise | 11-03-2009 | $0.00 |
| 481 | Denied offer in compromise | 01-02-2010 | $0.00 |
| 480 | Received offer in compromise | 11-03-2009 | $0.00 |
| 971 | Tax period blocked from automated levy program | 03-08-2010 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 02-09-2010 | $0.00 |
| 961 | Removed appointed representative | 06-07-2010 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 02-09-2010 | $0.00 |
| 521 | Removed bankruptcy or other legal action | 11-09-2010 | $0.00 |
| 971 | Installment agreement established | 01-03-2011 | $0.00 |
| 706 | Credit transferred in from 1040 200912 | 10-29-2012 | -$158.51 |
| 706 | Credit transferred in from 1040 200912 | 11-29-2012 | -$158.51 |
| 971 | Tax period blocked from automated levy program | 03-18-2013 | $0.00 |
| 971 | No longer in installment agreement status | 03-11-2013 | $0.00 |
| 971 | Pending installment agreement | 05-17-2013 | $0.00 |
| 960 | Appointed representative | 07-02-2013 | $0.00 |
| 971 | Pending installment agreement | 07-03-2013 | $0.00 |
| 706 | Credit transferred in from 1040 200912 | 07-03-2013 | -$158.95 |
| 972 | Removed Installment Agreement | 07-21-2013 | $0.00 |



# Internal Revenue Service
United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

# Account Transcript

Request Date: 02-05-2018
Response Date: 02-05-2018
Tracking Number: 100369682776

FORM NUMBER: 1040
TAX PERIOD: Dec. 31, 2005

TAXPAYER IDENTIFICATION NUMBER: 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

MAUREEN ROBINSON

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE: 0.00
ACCRUED INTEREST: 2,255.97    AS OF: Feb. 19, 2018
ACCRUED PENALTY: 174.21    AS OF: Feb. 19, 2018

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount): 2,430.18

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS: 01
FILING STATUS: Single
ADJUSTED GROSS INCOME: 96,700.00
TAXABLE INCOME: 73,612.00
TAX PER RETURN: 15,122.00
SE TAXABLE INCOME TAXPAYER: 0.00
SE TAXABLE INCOME SPOUSE: 0.00
TOTAL SELF EMPLOYMENT TAX: 0.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)    May 08, 2008
PROCESSING DATE    Jun. 09, 2008

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|---------------------------|-------|------|--------|
| 150  | Tax return filed          | 20082208 | 06-09-2008 | $15,122.00 |

| 481 | Denied offer in compromise | 01-02-2010 | $0.00 |
| 971 | Pending installment agreement | 06-18-2014 | $0.00 |
| 961 | Removed appointed representative | 07-10-2014 | $0.00 |
| 960 | Appointed representative | 08-04-2014 | $0.00 |
| 480 | Received offer in compromise | 10-15-2014 | $0.00 |
| 670 | Payment | 10-31-2014 | -$186.00 |
| 670 | Payment | 02-25-2015 | -$175.00 |
| 670 | Payment | 03-30-2015 | -$175.00 |
| 481 | Denied offer in compromise | 04-12-2015 | $0.00 |
| 971 | Tax period blocked from automated levy program | 06-15-2015 | $0.00 |
| 670 | Payment | 05-28-2015 | -$175.00 |
| 670 | Payment | 06-24-2015 | -$175.00 |
| 670 | Payment | 07-23-2015 | -$175.00 |
| 670 | Payment | 08-26-2015 | -$175.00 |
| 972 | Removed Installment Agreement | 09-21-2015 | $0.00 |
| 670 | Payment | 09-23-2015 | -$175.00 |
| 670 | Payment | 10-26-2015 | -$175.00 |
| 670 | Payment | 11-25-2015 | -$175.00 |
| 670 | Payment | 12-28-2015 | -$175.00 |
| 670 | Payment | 02-29-2016 | -$175.00 |
| 706 | Credit transferred in from<br>1040 201512 | 04-15-2016 | -$823.00 |
| 670 | Payment | 04-25-2016 | -$275.00 |
| 971 | Account match for federal levy payment program | 07-11-2016 | $0.00 |
| 971 | Notice issued<br>CP 0091 | 07-11-2016 | $0.00 |

Account Transcript 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 1040 Dec. 31, 2005 ROBI

| 971 | Final notice before levy on social security benefits | | 07-11-2016 | $0.00 |
| 670 | Payment | | 06-27-2016 | -$275.00 |
| 520 | Bankruptcy or other legal action filed | | 07-06-2016 | $0.00 |
| 972 | Removed Installment Agreement | | 07-06-2016 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 07-06-2016 | $0.00 |
| 972 | Removed Installment Agreement | | 07-06-2016 | $0.00 |
| 670 | Payment Undesignated Bankruptcy | | 02-23-2017 | -$776.03 |
| 690 | Payment of penalty only Undesignated Bankruptcy | | 02-23-2017 | -$824.05 |
| 690 | Payment of penalty only Undesignated Bankruptcy | | 04-18-2017 | -$402.75 |
| 690 | Payment of penalty only Undesignated Bankruptcy | | 05-17-2017 | -$805.50 |
| 690 | Payment of penalty only Undesignated Bankruptcy | | 06-21-2017 | -$416.86 |
| 690 | Payment of penalty only Undesignated Bankruptcy | | 07-19-2017 | -$402.75 |
| 680 | Payment of interest only Undesignated Bankruptcy | | 08-16-2017 | -$3.27 |
| 690 | Payment of penalty only Undesignated Bankruptcy | | 08-16-2017 | -$399.48 |
| 196 | Interest charged for late payment | 20173505 | 09-18-2017 | $3.27 |
| 276 | Penalty for late payment of tax | 20173505 | 09-18-2017 | $394.11 |
| 521 | Removed bankruptcy or other legal action | | 09-19-2017 | $0.00 |
| 960 | Appointed representative | | 10-02-2017 | $0.00 |
| 971 | First Levy Issued on Module | | 10-16-2017 | $0.00 |
| 680 | Payment of interest only Undesignated Bankruptcy | | 09-27-2017 | -$403.69 |
| 196 | Interest charged for late payment | 20174105 | 10-30-2017 | $403.69 |
| 971 | Tax period blocked from automated levy program | | 11-27-2017 | $0.00 |
| 971 | First Levy Issued on Module | | 12-18-2017 | $0.00 |

This Product Contains Sensitive Taxpayer Data

September 7, 2021
Maureen Robinson
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

Reason for Request for CDP Hearing (Attachment)

On September 7, 2021, via appointment, I met with IRS Agent, Mr. Rose at 11:00 A.M. in Edison, New Jersey.

The purpose for the meeting was to request an "affordable" payment agreement, with the intent of reaching Internal Revenue's advertised ten year "Fresh Start" Program for an affordable payment. I was not successful.

Agent Rose went into detail about my delinquent IRS Tax Account, and asked me how much could I pay monthly? I explained that I could only pay $100 per month. I went on to explain my budget to him: that my rent is $2300 per month, et cetera.

I explained the previous attempts that I'd made at rectifying and resolving my tax issues with accounts, Offer in Compromise payments, et cetera. Ultimately, Mr. Rose explained that if I wanted a payment plan, I would have to pay a $22,000 down payment, and my monthly payments would be $1008! He explained how the lien on property and income is calculated. I already knew about liens on houses because IRS had previously put a lien on my home in Elizabeth, New Jersey years ago, and I lost that house because among other issues, the IRS lien was not removed in a timely manner for me to qualify for a modification program. I told him that I don't have anything now but clothes and IRS could have them because I'm not working now.

It was a long, arduous and confusing meeting. I took notes.

However, when my limited time had expired, Mr. Rose observed an interesting and concerning "stipulation" to my IRS Tax Account. Before discussing it with me, he summoned the adjacent IRS Agent to confirm his observation. Both Agents informed me that the IRS Stipulation on my account was noted as "non-collectible." I asked, "If that's the case, then why am I receiving letters from IRS threatening to place a lien on my belongings?"

1

Since I am not knowledgeable regarding IRS rules and regulations. Both Agents recommended that since my allotted time for the meeting had expired, "When I returned home, I should call IRS and have the 'stipulated' notation explained." I was provided with the IRS contact number. (800-829-7650).

When I arrived home later that afternoon, I did contact IRS. The IRS Agent who took my call provided her name and identification number and requested the same information from me; i.e., my name, current address, and Social Security Number. I complied. She then requested the "reason for my call."

I request an explanation regarding the "non-collectible" information that the two IRS Agents had provided me with early on during the day. Her response was, "They should have explained to you why the stipulation was there." I explained to her that my allotted meeting time had expired. She admitted that the "non-collectible stipulation" was there, but that it was not "in effect" for me. She went into detail about IRS Rules relative to my situation. I did not comprehend the extent of all of her dialogue, and I explained that to her. I was totally confused. She then recommended that I go to IRS.Gov for clarification. That was not helpful to and/or for me either. I decided to contact my tax accountant.

As a seventy-nine (79) year old borderline dementia Senior Citizen, (about to turn 80 on the 27th of this month), with a Federally Registered Support Dog, IRS is a confusing and complicated entity to and for me. I just had a knee replacement on July 19, 2021. I have three (3) stents in my heart. Among other health issues, I take medication for my stomach, and I have severe pain from arthritis, not only in my knees, but over various other parts of my body. My time is behind me.

Notwithstanding, even when I was young, over a period of years, I did not understand the linguistic infrastructure of IRS, that's why I always hired an accountant to handle my Income Tax business. Some of them were incompetent; however, I had no choice since I didn't know that at the time.

After my call was completed with the IRS Agent, I attempted to contact my IRS Accountant, Mark Brown for interpretation of tax information. He did not respond.

*Exhibit N, pge 274*
*Docket # 1280-22L*

2

The impetus for the meeting was the result of receiving the attached documentation threatening to levy my property, which I have none, and income which I have labeled as Exhibit A. I have also enclosed other documentation which Will confirm and prove some of the instances wherein I've attempted to resolve my IRS issues.

Over the years, in my failed efforts to resolve my tax issues via OIC, monthly payments, bankruptcy, et cetera, on one of the IRS documents that I received, which I have labeled Exhibit B, I observed that IRS did not apply the payments that I did make in chronological order according to the years owed. IRS applied the payments to the years it deemed necessary. That action on the part of IRS disqualified me from access to the IRS ten (10) year disqualification limitation for IRS "non-collection" of payments.

According to my limited understanding, what should have happed instead, IRS should have applied my payments to the years in chronological order. i.e. pay off 2004, then 2005, et cetera.

The procedure that was applied to my taxes were sporadic; therefore, I would never have access to the 10-year elimination of owed taxes on the part of IRS to collect payments. Therefore, I would never be able to complete paying IRS. In my opinion, that procedure on the part of IRS was not fair.

Income Tax filings for the years 2006 and 2007 states those years were "self-prepared." That information is incorrect. I have never filed my own Income Tax Forms because I don't know how. I don't know about the deductions, the tax changes, et cetera. I depended solely on accountants

I retired on October 1, 2019. My income decreased from six figures to $72,000 annually! The only things that I shop for are the bare necessities of life such as: food, medicine, et cetera. My medical bills are astronomical, aside from what my insurance covers. One of my prescriptions alone is $42 a month. One of my co-pays is $20 a month for that prescription, not including the miscellaneous pain medication that I have to purchased. Other prescribed co-pays are $10 a month. All of these expenses add up, especially when you are on a fixed income. I don't need anymore clothes, so I don't go shopping for clothes. I go to physical therapy twice a week for my replaced knee. There is a $10 co-pay for each visit.

3     *Exhibit N Page 3 of 4*
*Docket # 12800-22L*

(34)

Please excuse mistakes. I am not feeling well. I shall await your responsive
Decision to this request and I thank you in advance for the same.

Exhibit N, page 4/4
Docket # 12800-22L

**IRS** Department of the Treasury
Internal Revenue Service
PO BOX 219236,Stop 5050
Kansas City  MO  64121

In reply refer to:  0975365706
Mar. 10, 2022  LTR 4473C   0
***-**-2498  201812 30       0
                          00036763
                      BODC: WI

MAUREEN ROBINSON
200 MT PLEASANT AVE APT J7
WEST ORANGE  NJ  07052-4039

Social security number:  ***-**-2498
              Forms:  1040
        Tax periods:  Dec. 31, 2018  Dec. 31, 2020

*[handwritten: Years miss 2005, 2006, 2007, 2010
Money paid not in chronological order]*  *[handwritten: Note]*

Dear Taxpayer:

We received your Form 12153, Request for a Collection Due Process or
Equivalent Hearing, dated Sep. 07, 2021.

We're forwarding your request for an equivalent hearing to the Office
of Appeals. That office will contact you within 60 days.

We didn't receive the completed Form 656, Offer in Compromise. Please
complete Form 656-B, Offer in Compromise (Booklet), and send it to the
appropriate address as shown in the booklet's checklist.

You must have received a Notice of Federal Tax Lien Filing and Notice
of Your Right to a Hearing for tax years 2004, 2008, 2011, 2012, 2013,
2014, to be eligible for a Collection Due Process Hearing under IRC
6320. We will consider your request for a Collection Due Process
hearing if you receive Letter 3172, in the future and submit a new CDP
request.

*[handwritten: Did Never Receive/Never Rcved]*  *[handwritten: Never rcved]*

You can get any of the forms or publications mentioned in this letter
by visiting our website at www.irs.gov/forms-pubs or by calling
1-800-TAX-FORM (1-800-829-3676).

If you have questions, you can call Ms. R Taylor at
816-499-6772 between 7:30 a.m. and 3:00 p.m. CST.

A copy of this letter and any referenced enclosures have been
forwarded to your authorized representative(s).

*[handwritten: Letter 3172 — ? Docket # 11800-Att Exhibit O
Distribution of payments — 15 year Not filed return
Notice of receipt for Due Process Hearing]*

```
                                              0975365706
                         Mar. 10, 2022  LTR 4473C    0
                         ***-**-2498  201812 30        0
                                            00036764
```

MAUREEN ROBINSON
200 MT PLEASANT AVE APT J7
WEST ORANGE  NJ  07052-4039


                              Sincerely yours,


                              Thomas D. Taylor
                              Operation Manager, ACS Support

Enclosures:
Publication 1660
Form 433-F

(37)





TAXPAYER
**ADVOCATE**
SERVICE

YOUR VOICE AT THE IRS

THE OFFICE OF THE TAXPAYER ADVOCATE OPERATES INDEPENDENTLY OF ANY OTHER IRS
OFFICE AND REPORTS DIRECTLY TO CONGRESS THROUGH THE NATIONAL TAXPAYER ADVOCATE.

December 18, 2017

Dominick Fiorenza
372 Morris Avenue
Springfield, New Jersey 07081

Taxpayer's Name: Maureen Robinson

Tax Form(s): 1040
Tax Period(s): December 31, 2004, December 31, 2006, December 31, 2007,
December 31, 2008, December 31, 2010, December 31, 2011, December 31, 2012,
December 31, 2013, December 31, 2014
Case Number: 6509585

Dear Mr. Fiorenza:

I am working to resolve your concern regarding your client's rejected Offer in
Compromise (OIC). In a previous letter, dated December 7, 2017, I advised you
that TAS does not have the delegated authority to change the IRS rejection of your
clients (OIC). I requested a Form 433-F, Collection Information Statement. As of
todays date, I have not received the Form 433-F, nor heard from you. I need this
information to move ahead with your case and help you resolve your client's problem.

**What you need to do**
By January 5, 2018, please contact me or fax the requested information to me at
855-665-7336, or mail it to the address below advising how I could be of further
assistance. If you have any questions about what I need or if you cannot get the
information, please do not hesitate to call me at 973-921-4044.

**What happens if I do not receive your information?**
It is important that you provide this information to me by January 5, 2018. Otherwise, I
will not be able to help you with your client's problem and I will close your case.
This could result in enforcement actions against your client such as, continued levy
actions against wages, bank accounts and other income.

---

Taxpayer Advocate Service
955 S. Springfield Avenue
Springfield, NJ 07081
www.irs.gov/advocate

Contact: Ms. Cleophat – Employee Number 1000148543
Available Hours 8: 00 a.m. – 4: 00 p.m. T-F
Direct Extension: 973-9241-4044   Toll-Free:855-229-7672
Fax:  855-665-7336

TAS 1671 Letter (10/17/2014)

*Exhibit P page 1 of 2 Advocate*
*Docket # 12800-22L*



Your client's balance, with interest calculated until January 8, 2018, is $66,028.33. Please note that your clients balance will continue to increase until the account is paid in full.

Your client can mail full payment, made payable to the United States Treasury, Internal Revenue Service, Cincinnati, OH 45999. If your client cannot pay the full amount, contact the IRS at 800-829-3903, to make a payment agreement or discuss other payment options.

## Questions

If you have any questions or concerns about your client's case, you can reach me directly at 973-921-4044.  You can also write to me at the address at the bottom of this letter.

i apologize for the frustrations you and your client are experiencing, but the sooner you contact me, the sooner we can resolve your problem.  Please be assured that I am working on your case and advocating on your client's behalf.

Sincerely,

Ms. Cleophat
Case Advocate

Hot Line
5-717-717 47

Exhibit L

Taxpayer Advocate Service
955 S. Springfield Avenue
Springfield, NJ 07081-0745
www.irs.gov/advocate

Contact: Employee Name - Ms. Cleophat
  Employee Number 1000148543
Available Hours 8:00 a.m. – 4:00 p.m. M-F
Direct Extension: 973-921-4044   Toll-Free: 855-229-7672
Fax:  855-665-7336   Toll-Free Fax: 855-818-5696

TAS 1671 Letter (10-17-2014)

0470024163
Dec. 30, 2019  LTR 2273C    0
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  200412 30
                                    R
                                00014605

MAUREEN ROBINSON
1749 WALKER AVE APT B
UNION  NJ  07083-4555



001711    low-income taxpayer and are unable to make electronic payments through
          a debit instrument by reinstating your installment agreement as a
          DDIA, then you would qualify for a reimbursement of the reinstatement
          user fee upon completion of the installment agreement.

The other conditions of this agreement are:

- You must pay on time all federal taxes due during the term of this
  agreement.

- We'll apply all installment agreement payments to the oldest tax
  assessments first, then penalties, then interest on those
  assessments.

- You must pay all installment agreement user fees.

- You must provide a current financial statement when we request one.
  If you have a change in your ability to pay, we can modify or
  terminate your installment agreement.

We'll send you a monthly statement with a payment voucher and return
envelope shortly before each payment is due. The statement will show
your remaining balance, as well as your monthly payment amount. We
must receive your payment by the due date. If you don't receive your
statement at least 10 days before your payment due date, you should
mail us your payment with a copy of the last page of this letter.

If you send payments by mail, make your check or money order payable
to the United States Treasury and provide on each payment your:

    - Name
    - Address
    - Taxpayer identification number
    - Daytime telephone number
    - Tax year
    - Tax form

Please use the return envelope provided with your statement.

Any time you can afford to pay more than the required payment amount,
you should do so. Extra payments will help you avoid additional
penalty and interest charges on the amount you still owe.

If your address changes, send a completed Form 8822, Change of
Address, or Form 8822-B, Change of Address or Responsible Party -
Business, to the address on page 2 of the form. You must also promptly

(40.)



**Department of the Treasury**
**Internal Revenue Service**
Austin, TX 73301-0003

Date:
January 18, 2022
For assistance, call:
800-919-9835
Or visit:
IRS.gov/eip

|ı|ı|ıı|ᵐᵐı|ıı|ı|ıı|ı|ıı|ıılıı|ı|ı|ıılı|ıı|ı|ı|ıı|ııl|ıı|ıı|
T750 P11 389283 1 AV 0.426 146225-1-1-3 389283
MAUREEN ROBINSON
200 MT PLEASANT AVE APT J7
WEST ORANGE, NJ 07052-4039

## Your 2021 Economic Impact Payment(s)
### Keep this information with your tax records.

**Why you received this letter.**
Under the American Rescue Plan, the Internal Revenue Service (IRS) issued you 2021 Economic Impact Payment(s) for the following total amount:

### Total 2021 Economic Impact Payment(s): $1,400.00

**What do you need to do?**
This Economic Impact Payment isn't considered taxable income, and you shouldn't report it as income on your 2021 federal income tax return. However, you'll need the total payment amount shown above to determine whether you're eligible to claim the Recovery Rebate Credit on your 2021 federal income tax return.

If you think you didn't receive the full amount of the third Economic Impact Payment you were entitled to, you must file a 2021 federal income tax return to claim the Recovery Rebate Credit, even if you aren't otherwise required to file a tax return.

**How can you get more information?**
For more information about Economic Impact Payments, visit **IRS.gov/eip**, or call the IRS Economic Impact Payment hotline at 800-919-9835.

*Note:*
*Received February 28, 2022*
*Exhibit R*
*Docket # 12820-22L*

**Letter 6475 (en-sp) (9-2021)**
Catalog Number 58142P

**IRS** Department of the Treasury
Internal Revenue Service

IRS
AUSTIN  TX  73301-0025

In reply refer to:  0542008337
Aug. 10, 2022    LTR 96C    0
***-**-2498  202012 30
                              0
                    00000769
                    BODC: WI

MAUREEN ROBINSON
200 MT PLEASANT AVE APT J7
WEST ORANGE  NJ  07052-4039

000600

          Social Security number or
     individual taxpayer ID number:  ***-**-2498

Dear Taxpayer:

Thank you for your correspondence which we received on Mar. 08, 2022.

We reviewed the information you provided and determined no action is necessary on your account.

The first and second Economic Impact Payments were combined for $1,800.00. You received the Recovery Rebate Credit, which reduced your tax liability. You still owed a remaining balance after the Recovery Rebate Credit was applied.

The balance due for the tax period ended Dec. 31, 2020, is $5,912.83, which includes penalty and interest figured to Sep. 04, 2022. You can pay now using one of the payment options listed below. Penalties (up to the maximum allowed by law) and interest will continue to accrue until you pay the balance in full.

                    PAYMENT OPTIONS

Pay online, by phone, or with a mobile device. Visit www.irs.gov/payments or the IRS2Go mobile app for all IRS payment options.

If you plan to mail a payment, consider the electronic options at www.irs.gov/payments first. It's free to pay from a bank account (Direct Pay) or the Electronic Federal Tax Payment System (EFTPS). You can also schedule payments and receive email notifications.

If you pay by check, money order, or cashier's check, make sure it's payable to the U.S. Treasury.

Can't pay it all now?
- Apply for a payment plan (installment agreement) at www.irs.gov/OPA
- Consider an offer in compromise at www.irs.gov/OIC
- Request a temporary collection delay at
  www.irs.gov/tempcollectiondelay

To view the amount you owe and your payment history visit

(1/2)

0542008337
Aug. 10, 2022      LTR 96C    0
***-**-2498   202012 30            0
00000770

MAUREEN ROBINSON
200 MT PLEASANT AVE APT J7
WEST ORANGE  NJ  07052-4039

www.irs.gov/account.

If you have questions, you can call 800-829-0922.

If you prefer, you can write to the address at the top of the first
page of this letter.

When you write, include a copy of this letter, and provide your
telephone number and the hours we can reach you in the spaces below.

Telephone number (   )_____ Hours _____

Keep a copy of this letter for your records.

Thank you for your cooperation.

A copy of this letter and any referenced enclosures have been
forwarded to your authorized representative(s).

                              Sincerely yours,

                              Melissa Franklin

                         Melissa Franklin
                         Operation 2 Manager

Exhibit 3(3) (back of page 1)
Page 3 of 3

(43)

# UNITED STATES TAX COURT

www.ustaxcourt.gov

RECEIVED
TAX COURT

(FIRST)     (MIDDLE)     (LAST)
Maureen                  Robinson

2022 DEC 26 PM 1:27

(PLEASE TYPE OR PRINT)          Petitioner(s)

BY: _____
DEPUTY CLERK

v

Docket No.

COMMISSIONER OF INTERNAL REVENUE,

Respondent

# PETITION

1. Please check the appropriate box(es) to show which IRS ACTION(S) you dispute:

☐ Notice of Deficiency

☒ Notice of Determination Concerning Collection Action

☐ Notice of Final Determination for [Full/Partial] Disallowance of Interest Abatement Claim (or Failure of IRS to Make Final Determination Within 180 Days After Claim for Abatement)*

☐ Notice of Determination of Worker Classification*

☐ Notice of Determination Concerning Relief From Joint and Several Liability Under Section 6015 (or Failure of IRS to Make Determination Within 6 Months After Election or Request for Relief)*

☐ Notice of Certification of Your Seriously Delinquent Federal Tax Debt to the Department of State

☐ Notice of Determination Under Section 7623 Concerning Whistleblower Action*

*For additional information, please see "Taxpayer Information: Starting a Case" at www.ustaxcourt.gov (accessible by hyperlink from asterisks above, or in the Court's information booklet).

2. If applicable, provide the date(s) the IRS issued the NOTICE(S) checked above and the city and State of the IRS office(s) issuing the NOTICE(S). May 3, 3022; CDP Appeal Hearing Decision

3. Provide the year(s) or period(s) for which the NOTICE(S) was/were issued: 2018, 2020

4. SELECT ONE OF THE FOLLOWING (unless your case is a whistleblower or a certification action):

If you want your case conducted under small tax case procedures, check here:  ☐     (CHECK
If you want your case conducted under regular tax case procedures, check here:  ☒     ONE BOX)

NOTE: A decision in a "small tax case" cannot be appealed to a Court of Appeals by the taxpayer or the IRS. If you do not check either box, the Court will file your case as a regular tax case.

5. Explain why you disagree with the IRS determination in this case (please list each point separately):

I disagree with the IRS's determination that a levy be imposed on my income for the following reasons:

1) Because such a levy would constitute a financial hardship for me.

2. Because there were errors in the May 3, 2022 investigative appeal Decision.

3) Because I have proposed alternative methods of paying my federal tax liability.

4) Because the tax years 2010 and 2012 were done by IRS.          Exhibit I, page 1 of 4

5) Because IRS errored in reporting taxpayer accountability for the tax year 2010.

FORM 2 (REV. 01 28)

(1/4)

6. State the facts upon which you rely (please list each point separately):

1) As a result of a tax lien notification for the tax years 2018 and 2020, on September 7, 2021, I filed

Form 12153, which is a Request for a Collection Due Process (CDP), or Equivalent Hearing, for only those two years,

which was granted. I retired on October 1, 2021. The levy would contitute a financial hardship for me because of a

drastic loss of income.

2) There were several errors made in the May 3, 2022, Decision of the Appeal regarding the years to be included in the

years included in the Decision to Levy made resulting from the investigation of the appeal.

3) Over a period of years, I have proposed and participated in various alternative methods of resolving my tax liability.

4) The tax years 2010 and 2018 were substitute tax returns prepared by IRS without notification for potential deductions

**You may use additional pages to explain why you disagree with the IRS determination or to state additional facts.**
**Please do not submit tax forms, receipts, or other types of evidence with this petition.**

ENCLOSURES:

Please check the appropriate boxes to show that you have enclosed the following items with this petition:

☒ A copy of any NOTICE(S) the IRS issued to you

☒ Statement of Taxpayer Identification Number (Form 4) (See PRIVACY NOTICE below)

☒ The Request for Place of Trial (Form 5)      ☒ The filing fee

PRIVACY NOTICE: Form 4 (Statement of Taxpayer Identification Number) will not be part of the Court's public files.
All other documents filed with the Court, including this Petition and any IRS Notice that you enclose with this Petition, will
become part of the Court's public files. To protect your privacy, you are strongly encouraged to omit or remove from this
Petition, from any enclosed IRS Notice, and from any other document (other than Form 4) your taxpayer identification
number (e.g., your Social Security number) and certain other confidential information as specified in the Tax Court's "Notice
Regarding Privacy and Public Access to Case Files", available at www.ustaxcourt.gov

| _____ | 9/17/2022 | 908-414-7502 |
| SIGNATURE OF PETITIONER | DATE | (AREA CODE) TELEPHONE NO. |

| 203 Mount Pleasant Avenue   Apartment J7 | West Orange, New Jersey 07052 |
| MAILING ADDRESS | CITY, STATE, ZIP CODE |

State of legal residence (if different from the mailing address): _____   E-mail address (if any): maurob41@yahoo.com

| _____ | _____ | _____ |
| SIGNATURE OF ADDITIONAL PETITIONER (e.g., SPOUSE) | DATE | (AREA CODE) TELEPHONE NO. |

| _____ | _____ |
| MAILING ADDRESS | CITY, STATE, ZIP CODE |

State of legal residence (if different from the mailing address): _____   E-mail address (if any): _____

| _____ | _____ | _____ |
| SIGNATURE OF COUNSEL, IF RETAINED BY PETITIONER(S) | NAME OF COUNSEL | DATE |

| _____ | _____ |
| TAX COURT BAR NO. | MAILING ADDRESS, CITY, STATE, ZIP CODE |

| _____ | Exhibit I  pgs 2of 4 |
| E-MAIL ADDRESS | (AREA CODE) TELEPHONE NO. |

(4/5)

## THE PETITION

**Maureen Robinson**
Continuation of Number 5:

6) Because May 3, 2022 investigative appeal was not performed independently as prescribed in IRS's rules of engagement documentation.

7) Because payments that I made during temporary OIC, were not applied to owing tax years in chronical order.

8) Because during the independent investigation, I did not have access to all impertinent IRS Administrative Documents in my file to properly represent myself during the CDP Appeal Hearing on April 6, 2022.

9) The CDP Appeal Hearing was specifically for the years 2018 and 2020, not for all of the Taxpayer's owing years.

10) Because the final **Decision was not fair and just.** It was supposed to have been made by the The Independent Investigator, Ms. Patricia Williams, without IRS Collection's Interference.

*Exhibit T page 3 of 4*

$(\text{46})$

## THE PETITION

**Maureen Robinson**
Continuation of Number 6

4) by Taxpayer.

5) The tax year 2010 was omitted as owing in received tax transcripts and listed as non-collectible; however, 2010 tax year surreptitiously appears in the Appeal Decision.

6) Appeals Decision was not fair and just. According to IRS's Publication 4227, Independent Office of Appeals, and page 4 of IRS's Publication 5, states, "Your Appeal Rights and How to Prepare a Protest if You Disagree" states that, "Appeals is a separate function and independent of the IRS that proposed the adjustment of collection action." I was denied this rule of engagement. opportunity. IRS was directly involved in my Appeal Decision.

7) Payments made by Taxpayer were not applied in chronological order as legally stated in Letter 2273C to Petitioner on December 30, 2019.

8) I did not have privy to complete Administrative Records for factual responses to investigative Interrogation by Agent.

9) Investigative Agent was in violation of the rule of engagement of IRS Form 12153, which specified that the Appeal was for a levy for the years 2018 and 2020. The Appeal Agent also included the Decision to Levy on the years reported to her by IRS Collections, i.e. 12/2004, 12/2008/, 12/2010, 12/2011, 12/2012, 12/2013, and 12/2014, and a pre-assessed amount for 2021. Petitioner applied for an extension for 2021. For an undisclosed reason, a transcript that Petitioner received from IRS, excluded the tax year 2010.

10. The Decision to Levy was not made **independently of IRS Collections. Petitioner did not agree** with the investigative findings in the Decision Appeal Agent Patricia Williams; nor did Petitioner agree with the unfair manner in which the Decision was arrived at; and moreover, Petitioner notified Appeal Agent Patricia Williams that she was not going to sign the Decision in a timely manner.

*Exhibit I page 4 of 4*

*(1/4)*

March 1, 2022

To: IRS: Department of the Treasury
      Internal Revenue Service
      Austin, TX 73301-0003

From: Maureen Robinson
        200 Mount Pleasant Avenue Apt. J7
        West Orange, NJ 07052-4039

Re: Letter 6475 (en-sp) (9-21): Dated: January 18, 2022
      Catalogue Number 58142P

This correspondence is forwarded to your attention to request clarification regarding the contents and instructions in the Economic Impact Payment (s) Letter that I ultimately and recently received on February 28, 2022. I have attached a copy.

I am eighty (80) years old and I am totally confused by the instructional contents in the above captioned letter referenced.

I watched the Media regarding the Economic Impact Payment (s); and moreover, my understanding was/is verified in the contents of the above captioned letter. Notwithstanding, I have not realized, nor have I experienced access to **all** of the total benefits of the **three (3)** Economic Impact Payment (s). To date, I have received one payment, and one payment went to IRS, which was in violation of the "How to spend the payments and what they were earmarked for" instructions that were provided by the Media, and confirmed in the above captioned letter. I have not received the third payment.

I retired on October 1, 2019. The Media constantly reported that the Economic Impact Payment (s) were not to be used for income tax purposes.

I am missing two Economic Impact Payments; the one that was submitted to IRS, and the third payment.

*Exhibit U   page 1 of 2*



All of my annual tax filings are up to date according to my tax accountant, who admitted submitting one of my Economic Impact Payments to IRS. I would like to retrieve that check

I have received only one (1) Economic Impact Payment. In my attempts to research how to retrieve missing payments, I called the number listed in the above captioned letter. I was totally confused by the information provided via voice mail.

I went on line to the IRS address that's provide in the attached Letter. I was even more confused by the rhetoric in the numerous choices that were provided. I did not know which to identify with.

I am not technology savvy; therefore, I am requesting assistance regarding how to retrieve the Economic Impact Payments that are/were earmarked for me.

I thank you in advance for your cooperation in this matter.

Cc
Home File

*Exhibit U page 1 of 2*

| Notice | CP91 |
|---|---|
| Notice date | August 16, 2021 |
| Social Security number | XXX-XX-2498 |
| Page 3 of 5 | |

## Low Income Taxpayer Clinics (LITC)

Tax professionals who are independent from the IRS may be able to help you. Low Income Taxpayer Clinics (LITCs) can represent low-income persons before the IRS or in court. LITCs can also help persons who speak English as a second language. Any services provided by an LITC must be for free or a small fee. To find an LITC near you:

- Go to www.taxpayeradvocate.irs.gov/litcmap;
- Download IRS Publication 4134, Low Income Taxpayer Clinic List available at www.irs.gov/forms-pubs; or
- Call the IRS toll-free at 800-829-3676 and ask for a copy of Publication 4134.

State bar associations, state or local societies of accountants or enrolled agents, or other nonprofit tax professional organizations may also be able to provide referrals.

## If we don't hear from you

If you don't call us immediately or pay the amount due, we can seize (levy) funds from your social security account or, if applicable, from the social security account for which you are a beneficiary.

## Your billing details

| Tax period ending | Form number | Amount you owed | Additional interest | Additional penalty | Total |
|---|---|---|---|---|---|
| December 31, 2004 | 1040A | $0.00 | $554.14 | $0.00 | $554.14 |
| December 31, 2008 | 1040 | $4,525.95 | $2,594.99 | $1,000.56 | $8,121.50 |
| December 31, 2011 | 1040 | $7,307.89 | $2,890.37 | $1,212.60 | $11,410.86 |
| December 31, 2012 | 1040 | $6,215.20 | $2,305.91 | $1,439.75 | $9,960.86 |
| December 31, 2013 | 1040 | $6,505.21 | $2,154.69 | $1,517.28 | $10,177.18 |
| December 31, 2014 | 1040 | $4,775.51 | $1,424.99 | $1,204.46 | $7,404.96 |

## Penalties

We are required by law to charge any applicable penalties.

*Exhibit V*

**U.S. Department of the Treasury**
Bureau of the Fiscal Service
P.O. Box 1686
Birmingham, AL 35201-1686



027757

### PLEASE RETAIN FOR YOUR RECORDS

01/23/19



155016247

MAUREEN ROBINSON
428 DOYLE ST
ELIZABETHPORT, NJ 07206-1020

### What Happened to My Payment?

The U.S. Department of the Treasury, Bureau of the Fiscal Service (Fiscal Service), applied all or part of your payment to delinquent debt that you owe. This action is authorized by federal law. Below is your payment information:

Payment From: Social Security Administration
Payee Name: MAUREEN ROBINSON
Original Payment Amount:     $2587.00
Payee TIN (Last Four): 2498
Beneficiary TIN (Last Four): 2498

Payment Date: 01/23/19
Payment Type: EFT
Claim Account Number: 145302498 A

### Who Do I Owe?

We applied your payment to debt that you owe to the following agency:

INTERNAL REVENUE SERVICE
FEDERAL PAYMENT LEVY PROGRAM
STOP 686
PO BOX 57
BENSALEM, PA 19020
(800) 829-3903

TOP Trace Number: 155016247
Account#: 014530249830200512
Applied to This Debt:     $388.05
Type of Debt: Tax Levy

Please see additional pages for other debts, if any.

### What Should I Do Now?

If you agree that you owe the debt, you do not need to do anything. Your debt balance has been reduced. If you believe that your payment was applied in error, you would like to resolve your debt, or you have questions about your debt or outstanding balance, contact the agency listed under **Who Do I Owe**. Please have this notice available when you contact the agency.

Only an agency listed under **Who Do I Owe** has information about your debt. Before sending a debt to Fiscal Service, an agency must send notice to you at the address in its records. The notice explains the amount and type of debt you owe, the rights available to you, and the agency's intention to collect the debt by applying eligible federal payments made to you.

For questions about your debt, please call the agency listed under **Who Do I Owe**. If you have questions about the Treasury Offset Program, please visit our website at www.fiscal.treasury.gov/TOP or call 1-800-304-3107. Please do not contact the Social Security Administration regarding the reduction made in your Federal payment as a result of this offset.

*Exhibit X*



SMALL BUSINESS/SELF EMPLOYED AREA #1
(800) 913-6050

Serial Number

155600315

For Optional Use by Recording Office

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- This Notice of Federal Tax Lien has been filed as a matter of public record.

- IRS will continue to charge penalty and interest until you satisfy the amount you owe.

- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.

**Name of Taxpayer**    MAUREEN ROBINSON

000501

**Residence**

428 DOYLE ST
ELIZABETH, NJ 07206-1020

- See the back of this page for an explanation of your Administrative Appeal rights.

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2012 | XXX-XX-2498 | 06/03/2013 | 07/03/2023 | 6165.20 |
| 1040 | 12/31/2013 | XXX-XX-2498 | 06/02/2014 | 07/02/2024 | 6505.21 |

| Place of Filing | | | |
|---|---|---|---|
| Office of the County Clerk Union ELIZABETH, NJ 07207-6099 | | Total | 12670.41 |

This notice was prepared and signed at ___DETROIT, MI___, on this,

the __01st__ day of __May__, __2015__.

Signature
*Cheryl Cordard*
for TERESA SMALLEY-BANFIELD

Title
CASE PROC MGR
(866) 611-6191

21-00-0018

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien)
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 3 - Taxpayer's Copy**

*Exhibit Y*

CAT. NO 60025X
Form 668 (Y)(c) (Rev. 02-04)